# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

[PLEASE SEE ATTACHMENT]

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MADISON KLEINE, an individual

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

SEP 2 8 2018

ASHLEE BAYLESS, DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* SAN BERNARDINO<br><br>247 West Third Street<br>San Bernardino, 92415-0210 | CASE NUMBER:<br>*(Número del Caso):* CIVDS1825602 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

David P. Myers, The Myers Law Group, 9327 Fairway View Place, Ste. 100, Rancho Cucamonga, CA 91730

| DATE:<br>*(Fecha)* SEP 2 8 2018 | Clerk, by<br>*(Secretario)* Ashlee Bayless | , Deputy<br>*(Adjunto)* |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

COPY

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Cinemark USA, Inc., a Texas Corporation

   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**SUM-200(A)**

| SHORT TITLE:<br>KLEINE V. CINEMARK USA, INC., ET AL | CASE NUMBER:<br>CIVDS1825602 |
|---|---|

### INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties
  Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

CINEMARK USA, INC., a Texas Corporation; CENTURY THEATRES, INC., a California corporation;
and DOES 1 THROUGH 10, inclusive

Defendants.

Page 1 of 1

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| David P. Myers (SBN 206137), John M. Tomberlin, Jr. (SBN 310435)<br>THE MYERS LAW GROUP, APC<br>9327 Fairway View Place, Ste. 100, Rancho Cucamonga, CA 91730<br>TELEPHONE NO: 909-919-2027   FAX NO: 888-375-2102 | FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO CIVIL DIVISION<br><br>SEP 28 2018 |

ATTORNEY FOR *(Name):* Plaintiff MADISON KLEINE

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
STREET ADDRESS: 247 West Third Street
MAILING ADDRESS: 247 West Third Street
CITY AND ZIP CODE: San Bernardino, 92415-0210
BRANCH NAME: Civil Division

ASHLEE BAYLESS, DEPUTY

CASE NAME: MADISON KLEINE V. CINEMARK USA, INC., ET AL

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER CIVDS1825602 |
|---|---|---|
| ☑ Unlimited ☐ Limited<br>(Amount        (Amount<br>demanded     demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter  ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

Items 1–6 below must be completed *(see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☑ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.☑ monetary   b.☑ nonmonetary; declaratory or injunctive relief   c.☑ punitive
4. Number of causes of action *(specify):* 5
5. This case ☐ is ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 27, 2018

David P. Myers, Esq.
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

David P. Myers (SBN 206137)
Ann Hendrix (SBN 258285)
John M. Tomberlin, Jr. (SBN 310435)
**THE MYERS LAW GROUP, A.P.C.**
9327 Fairway View Place, Ste. 100
Rancho Cucamonga, CA 91730
Telephone: (909) 919-2027
Facsimile: (888) 375-2102

Attorneys for Madison Kleine

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

SEP 28 2018

BY
ASHLEE BAYLESS, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN BERNARDINO

CIVDS1825602

| | |
|---|---|
| MADISON KLEINE, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> CINEMARK USA, INC., a Texas Corporation; CENTURY THEATRES, INC., a California corporation; and DOES THROUGH 10, inclusive <br><br> Defendants. | **COMPLAINT FOR DAMAGES** <br><br> 1. **SEXUAL HARASSMENT, HOSTILE WORK ENVIRONMENT** <br> 2. **RETALIATION** <br> 3. **FAILURE TO PREVENT HARASSMENT AND RETALIATION** <br> 4. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY** <br> 5. **VIOLATION OF EMPLOYMENT WITHOUT DISCRIMINATION; REQUEST FOR DECLARATORY RELIEF** <br><br> **DEMAND FOR JURY TRIAL** |

### INTRODUCTION

Madison Kleine ("Plaintiff") brings this action against Cinemark USA, Inc., Century Theatres, Inc., and other as of yet unnamed Defendants (hereafter collectively "Defendants") alleging, among other things, violations of the California Fair Employment and Housing Act. Plaintiff seeks damages, attorneys' fees and costs of suit.

///
///

THE MYERS LAW GROUP, A. P. C.
9327 Fairway View Place, Ste. 100
Rancho Cucamonga, California 91730

## GENERAL ALLEGATIONS

1.   This action is properly filed in Court in San Bernardino County in this district as Defendants do business in this county and their obligations and liability arise here.

2.   Plaintiff is Defendant's former employee and a resident of San Bernardino County, California.

3.   Cinemark USA, Inc. is a Texas Corporation, registered to do business in California, and doing business in San Bernardino County, California.

4.   Century Theatres, Inc. is a California Corporation, registered to do business in California, and doing business in San Bernardino County, California.

5.   The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 through 10 are unknown to Plaintiff, who therefore sues the DOE Defendants by fictitious names.  Plaintiff will amend her complaint to show their true names and capacities as ascertained.

6.   On information and belief, each of the acts and omissions alleged were performed by, or are attributable to, all Defendants, each acting as agents or employees, or under the direction and control of each of the other Defendants, and the acts or failures to act were within the course and scope of agency, employment, or direction and control. (In these pleadings, the word 'or' between two or more alternatives shall not implying mutual exclusivity unless it is preceded by the word 'either'). On information and belief, at all relevant times, Defendants were and are each other's agents.

7.   Defendants operated as a joint employer or integrated enterprise with another defendant or other defendants, each such defendant is jointly and severally liable as an employer. In the event that any defendant was acting as the alter ego of another defendant or other defendants such that there is or was such a unity and identity of interest between or among each said defendant that adherence to the legal fiction of separate existence would, under the particular circumstances that exist or existed, would sanction fraud or promote injustice, it would be an inequitable result to fail to disregard any such separateness of legal personality.

///

///

1     8.  On information and belief, Defendants DOES 1 through 10 are the partners,

2 owners, shareholders, or managers of Defendant Employer, and were acting on behalf of

3 Defendant Employer in the payment of wages to Plaintiff.

4                    **FACTS COMMON TO MORE THAN ONE CAUSE OF ACTION**

5     9.  Defendants employed Plaintiff from on about March 2, 2016, until Plaintiff was

6 forced to resign on or about October 5, 2017.  Plaintiff was hired as an usher and had

7 been promoted to shift leader by the time of her forced resignation.

8     10.  On about May 31, 2017, Defendants hired Nicholas Stoner as an usher.

9 Defendant regularly scheduled Stoner to work with Plaintiff.  Stoner regularly engaged in

10 conduct at work that made Plaintiff uncomfortable and anxious, including but not limited

11 to: making comments to Plaintiff that Stoner only likes female company - especially

12 Plaintiff's company; making comments to Plaintiff about pornographic adult films;

13 watching Plaintiff or staring at her while she was working; interrupting Plaintiff while

14 she was helping customers to ask Plaintiff non-work related questions; trying to stand

15 very close to Plaintiff;  trying to touch Plaintiff on her shoulders, her back, or her hair;

16 following Plaintiff out to her car in the parking lot; standing outside of Plaintiff's car and

17 watching her while she took breaks in her car; and following Plaintiff around at work.

18 More than once, Plaintiff asked Stoner to stop his behavior and tried to avoid interacting

19 with him.  Plaintiff felt she could only escape Stoner by going to the women's restroom.

20     11.  In early August 2017, Plaintiff told her Manager, Austin Hunt, that Stoner's

21 behavior was making her anxious and uncomfortable, and Stoner continued to harass her

22 even though she had asked him to stop repeatedly.  Hunt told Plaintiff she should go to

23 Scott Green, the General Manager, to complain about Stoner.

24     12.  On about August 5, 2017, Plaintiff complained to Green about Stoner.  Plaintiff

25 met with Green in his office, and Plaintiff believes Green took notes on his computer

26 about Plaintiff's complaints.  During the meeting, Plaintiff requested she and Stoner no

27 longer be scheduled on the same shifts because of his behavior and that behavior making

28 her feel uncomfortable, anxious, and unsafe.

29     13.  After the meeting with Green, Defendants continued scheduling Plaintiff and

30 Stoner on the same shifts.

14. In about September 2017, Plaintiff complained to Green again about Stoner. Plaintiff complained she and Stoner continued to be scheduled on the same shifts despite her complaints about him Stoner's behavior had not changed, and he continued to make her feel unsafe at work.

15. On about September 30, 2017, while Plaintiff was training a co-worker and working with customers, Plaintiff asked to speak privately with Senior Manager Patty Ann Fiore, who was in charge of scheduling. Plaintiff wanted to speak with Fiore about not being scheduled with Stoner. When Plaintiff initiated the conversation, Fiore interrupted that she knew what Plaintiff was going to request and the answer was "no." Plaintiff again told Fiore she would like to talk about it privately. Fiore refused to speak privately with Plaintiff, so Plaintiff had to explain, in front of customers and coworkers, that she had requested a schedule change because she no longer felt safe or comfortable at work. Fiore responded with words to the effect that the request was still denied and Plaintiff's safety was not Fiore's concern with scheduling.

16. On about September 30, 2017, following her shift, Plaintiff complained to her Manager Furtado about her conversation with Fiore, that Fiore refused to change the schedule, and that Plaintiff did not feel safe working with Stoner. Furtado told Plaintiff to make a complaint to corporate about the situation. Plaintiff explained she would not make a complaint to corporate because she feared she would be retaliated against for going above local management.

17. On about October 5, 2017, Fiore called Plaintiff to inform her that her Saturday shift would be changed to accommodate her requests not to work with Stoner. The changed shift was a less desirable shift and a demotion.

18. On about October 5, 2017, Plaintiff submitted her letter of resignation to Green, as she felt forced to do based on the lack of change in harassment.

19. Plaintiff filed an administrative complaint with the Department of Fair Employment and Housing ("DFEH"). On September 7, 2018, the DFEH issued Plaintiff a right to sue letter, attached here as Exhibit A.

///

////

## FIRST CAUSE OF ACTION

### (Sexual Harassment, Hostile Work Environment – Govt. Code §12940(j))

### (Against All Defendants)

20. Plaintiff incorporates here each allegation in paragraphs 1 through 19 above.

21. The Fair Employment and Housing Act ("FEHA") makes it unlawful for an employer to sexually harass an employee. Govt. Code §12940

22. Defendants, their agents, or employees engaged in a pattern and practice of unlawful sexual harassment in violation of FEHA. Govt. Code §12940(j).

23. The harassment was sufficiently severe or pervasive as to alter conditions of employment and to create a hostile or abusive work environment

24. As a proximate result of Defendants' wrongful conduct, Plaintiff suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount to be proved at trial.

25. As a proximate result of Defendants' wrongful conduct, Plaintiff suffered emotional distress and other general damages, in an amount to be proved at trial.

26. Defendants actions were carried out with malice, willfulness, or reckless indifference to Plaintiff's rights, with full knowledge of their unlawfulness, and intending to deprive her of rights guaranteed by law. Plaintiff is entitled to punitive damages to deter such unlawful, malicious, oppressive or reckless conduct.  Defendants' conduct was effectuated or ratified by their officers, directors, or managing agents.

27. Plaintiff has incurred and continues to incur attorneys' fees and legal expenses in an amount to be proved at trial.

### SECOND CAUSE OF ACTION

### (Retaliation – Violation of Cal. Gov't Code §12940(h))

### (Plaintiff against All Defendants)

28. Plaintiff incorporates here each allegation in paragraphs 1 through 19 above.

29. Plaintiff engaged in the protected activities of, but not limited to, opposing sexual harassment.

30. Defendants retaliated in violation of the FEHA by including, but not limited to, refusing to change the schedule, demoting her, and constructively terminating Plaintiff.

9327 Fairway View Place, Ste. 100
Rancho Cucamonga, California 91730

31. As a proximate result of Defendants' wrongful conduct, Plaintiff suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount to be proved at trial.

32. As a proximate result of Defendants' wrongful conduct, Plaintiff suffered emotional distress and other general damages, in an amount to be proved at trial.

33. Defendants actions were carried out with malice, willfulness, or reckless indifference to Plaintiff's rights, with full knowledge of their unlawfulness, and intending to deprive her of rights guaranteed by law. Plaintiff is entitled to punitive damages to deter such unlawful, malicious, oppressive or reckless conduct.  Defendants' conduct was effectuated or ratified by their officers, directors, or managing agents.

34. Plaintiff has incurred and continues to incur attorneys' fees and legal expenses in an amount to be proved at trial.

### THIRD CAUSE OF ACTION

### (Failure to Prevent Harassment and Retaliation – Govt. Code §12940(k))
### (Plaintiff against All Defendants)

35. Plaintiff incorporates here each allegation in paragraphs 1 through 19 above.

36. On information and belief, no meaningful or adequate disciplinary action was taken against any employees who harassed or retaliated against Plaintiff.

37. In violation of Govt. Code §12940(k), Defendants, their agents, or employees, failed to take all reasonable steps necessary to investigate and prevent unlawful harassment, or retaliation from occurring, and to remedy such harassment, or retaliation.

38. As a proximate result of Defendants' wrongful conduct, Plaintiff suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount to be proved at trial.

39. As a proximate result of Defendants' wrongful conduct, Plaintiff has suffered emotional distress and other general damages, in an amount to be proved at trial.

40. Defendants actions were carried out with malice, willfulness, or reckless indifference to Plaintiff's rights, with full knowledge of their unlawfulness, and intending to deprive her of rights guaranteed by law. Plaintiff suffered over eighty thousand dollars and is entitled to punitive damages to deter such unlawful, malicious, oppressive, or

9327 Fairway View Place, Ste. 100
Rancho Cucamonga, California 91730

1   reckless conduct.  Defendants' conduct was effectuated or ratified by their officers,
2   directors, or managing agents.

3       41. Plaintiff has incurred and continues to incur attorneys' fees and legal expenses
4   in an amount to be proved at trial.

## FOURTH CAUSE OF ACTION

### (Wrongful Termination in Violation of Public Policy)

### (Against all Defendants)

8       42.  Plaintiff incorporates here each allegation in paragraphs 1 through 19 above.

9       43.  Defendant's severe and persistent violation of fundamental public policies
10   constructively discharged Plaintiff's employment.  It is against California public policy to
11   allow sexual harassment of an employee and to retaliate against an employee for
12   opposing sexual harassment.

13       44. As a proximate result of Defendants' wrongful conduct, Plaintiff suffered and
14   continues to sustain substantial losses in earnings and other employment benefits in an
15   amount to be proved at trial.

16       45. As a proximate result of Defendants' wrongful conduct, Plaintiff suffered
17   emotional distress and other general damages, in an amount to be proved at trial.

18       46. Defendants actions were carried out with malice, willfulness, or reckless
19   indifference to Plaintiff's rights, with full knowledge of their unlawfulness, and intending
20   to deprive her of rights guaranteed by law. Plaintiff is entitled to punitive damages to
21   deter such unlawful, malicious, oppressive or reckless conduct.  Defendants' conduct was
22   effectuated or ratified by their officers, directors, or managing agents.

23       47. Plaintiff has incurred and continues to incur attorneys' fees and legal expenses
24   in an amount to be proved at trial.

## FIFTH CAUSE OF ACTION

### (Violation of Employment Without Discrimination as Civil Right - Govt. Code §12921(a); Request for Declaratory Judgment - Code of Civil Procedure §1060)

### (Plaintiff against All Defendants)

29       48. Plaintiff incorporates here each allegation in paragraphs 1 through 47 above.

30       49. Govt. Code §12920 sets forth California's public policy in relevant part as:

9327 Fairway View Place, Ste. 100
Rancho Cucamonga, California 91730

It is hereby declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation.

It is the purpose of this part to provide effective remedies that will eliminate these discriminatory practices. This part shall be deemed an exercise of the police power of the state for the protection of the welfare, health, and peace of the people of this state.

50. Govt. Code §12920.5 embodies the California legislature's intent:

In order to eliminate discrimination, it is necessary to provide effective remedies that will both prevent and deter unlawful employment practices and redress the adverse effects of those practices on aggrieved persons. To that end, this part shall be deemed an exercise of the Legislature's authority pursuant to Section 1 of Article XIV of the California Constitution.

51. Govt. Code §12921(a) states in pertinent part:

The opportunity to seek, obtain, and hold employment without discrimination because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or military and veteran status is hereby recognized as and declared to be a civil right.

52. An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties because Plaintiff contends Defendants' constructive terminated her because of the reasons alleged, including but not limited to, her protected activities. It is believed Defendants will allege Plaintiff's constructive termination was based on a non-discriminatory, legitimate reason and not because of her protected activities. The reasons given by Defendants es a pretext to mask its true reasons for constructively termination – Plaintiff engaging in protected activities.

53. Pursuant to Code of Civil Procedure §1060, Plaintiff desires a judicial determination of her rights and duties, and those of Defendants. Specifically, Plaintiff seeks a declaration that her rights were violated by Defendants when they unlawfully forced her to resign. A judicial declaration is necessary and appropriate under the circumstances for Plaintiff, on behalf of herself and California employees and in conformity with the State's public policy, to obtain a judicial declaration of Defendants wrongdoing and to condemn such discriminatory employment policies or practices.

THE MYERS LAW GROUP, A. P. C.
9327 Fairway View Place, Ste. 100
Rancho Cucamonga, California 91730

54. Plaintiff is entitled to declaratory relief and an award of reasonable attorney's fees and costs under §12965(b). *Harris v. City of Santa Monica*, 56 Cal. 4th 203, 241 (Cal. 2013). A judicial declaration is necessary and appropriate to make Defendants aware of thier obligations to not violate the law engage in discriminatory and harassing practices.

55. Govt. Code §12965(b) allows an aggrieved party, such as Plaintiff, to be awarded reasonable attorneys' fees and costs. Such fees and costs expended by the aggrieved party may be awarded for the purpose redressing, preventing, or deterring discrimination. As a proximate result of Defendants' wrongful conduct, Plaintiff is entitled to declaratory relief, attorneys' fees and costs, including expert witness fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment as follows:

1. For an award of damages in an amount according to proof with interest thereon;

2. For compensatory and general damages in an amount according to proof;

3. For past and future lost income and benefits;

4. For punitive damages;

5. For declaratory relief;

6. For injunctive relief;

7. For an award of reasonable attorneys' fees, costs and interest pursuant to Code of Civil Procedure §1021.5, Govt. Code §12940 *et seq.*, or all other applicable law; and

8. For such other and further relief as this Court deems just and proper.

Dated: September 27, 2018                THE MYERS LAW GROUP, A.P.C.

By: _____
David P. Myers
Ann Hendrix
John M. Tomberlin, Jr.
Attorneys for Plaintiff Madison Kleine

THE MYERS LAW GROUP, A. P. C.
9327 Fairway View Place, Ste. 100
Rancho Cucamonga, California 91730

# EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

September 7, 2018

Ann Hendrix
9327 Fairway View Place
Rancho Cucamonga, California 91730

RE:   **Notice to Complainant's Attorney**
       DFEH Matter Number: 201808-03321622
       Right to Sue: Kleine / Cinemark USA, Inc.

Dear Ann Hendrix:

Attached is a copy of your **amended** complaint of discrimination filed with the
Department of Fair Employment and Housing (DFEH) pursuant to the California Fair
Employment and Housing Act, Government Code section 12900 et seq.

Pursuant to Government Code section 12962, DFEH will not serve these documents on
the employer.  You or your client must serve the complaint.

The amended complaint is deemed to have the same filing date of the original
complaint.  This is not a new Right to Sue letter.  The original Notice of Case Closure
and Right to Sue issued in this case remains the only such notice provided by the
DFEH.  (Cal. Code Regs., tit. 2, § 10022.)

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
Madison Kleine                                        DFEH No. 201808-03321622

                              Complainant,

vs.

Cinemark USA, Inc.
3900 Dallas Pkwy
Plano, Texas 75093

Century Theatres, Inc.
3900 Dallas Pkwy Ste. 500
Plano, Texas 75093

                              Respondents
_____

1. Respondent **Cinemark USA, Inc.** is an **employer** subject to suit under the
California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Madison Kleine**, resides in the City of **Apple Valley** State of
**California.**

3. Complainant alleges that on or about **October 5, 2017**, respondent took the
following adverse actions:

**Complainant was harassed** because of complainant's sexual harassment- hostile
environment.

**Complainant was discriminated against** because of complainant's sex/gender and
as a result of the discrimination was forced to quit, demoted, denied a work
environment free of discrimination and/or retaliation, denied any employment benefit
or privilege.

**Complainant experienced retaliation** because complainant reported or resisted
any form of discrimination or harassment and as a result was forced to quit,

Date Filed: September 7, 2018
Date Amended: September 7, 2018

1  demoted, denied a work environment free of discrimination and/or retaliation, denied
2  any employment benefit or privilege.

3  **Additional Complaint Details:** Respondents employed Complainant from on or
4  about March 2, 2016, until Complainant was forced to resign on or about October 5,
   2017. Complainant was hired as an usher and was promoted to shift leader by the
5  time of her forced resignation.
6  On or about May 31, 2017, Respondents hired Nicholas Stoner as an usher, and
   Stoner was frequently scheduled to work with Complainant. Stoner regularly
7  engaged in conduct at work that made Complainant uncomfortable and anxious,
   including but not limited to: making comments to Complainant that Stoner only likes
8  female company, and that he especially likes Complainant's company; making
   comments to Complainant about pornographic adult films; watching Complainant or
9  staring at her while she was working; interrupting Complainant while she was
   helping customers to ask Complainant non-work related questions; trying to stand
10 very close to Complainant; trying to touch Complainant on her shoulders, her back,
   or her hair; following Complainant out to her car in the parking lot; standing outside
11 of Complainant's car and watching her while she took breaks in her car; and
12 following Complainant around during work. More than once, Complainant asked
   Stoner to stop this behavior and she tried to avoid interacting with Stoner.
13 Complainant felt that she could only get away from Stoner if she went into the
14 women's restroom.
   In early August, Complainant told her Manager, Austin Hunt, that Stoner's behavior
15 was making her anxious and uncomfortable, and that Stoner continued to harass her
   even though she had asked him to stop. Manager Hunt told Complainant that she
16 should go to General Manager Scott Green to complain about Stoner.
   On or about August 5, 2017, Complainant complained to General Manager Scott
17 Green about Stoner. Complainant met with Green in Green's office, and
   Complainant believes that Green took notes on his computer about Complainant's
18 complaints. During this meeting, Complainant requested that she and Stoner no
19 longer be scheduled on the same shifts because Stoner made her feel
   uncomfortable, anxious, and unsafe.
20 Following Complainant's meeting with Green on or about August 5, 2017,
   Respondents continued to schedule Complainant and Stoner on the same shifts.
21 In or about September 2017, Complainant complained to General Manager Green
22 again about Stoner. Complainant complained that she and Stoner continued to be
   scheduled on the same shifts despite her complaints about him, that Stoner's
23 behavior has not changed, and that he continues to make Complainant feel unsafe
   at work.
24 On or about September 30, 2017, while Complainant was training a co-worker and
25 working with customers, Complainant asked to speak privately with Senior Manager
   Patty Ann Fiore, who was in charge of scheduling. Complainant wanted to speak
26

27

28  Date Filed: September 7, 2018
Date Amended: September 7, 2018

1   with Fiore about not being scheduled with Stoner. Fiore responded that she knew
    what Complainant was going to request, and that the answer would be no.
2   Complainant again told Fiore that she would like to talk about it privately.  Fiore
3   refused to speak privately with Complainant, so Complainant had to explain, in front
    of customers and coworkers, that she had requested a schedule change because
4   she no longer felt safe or comfortable at work. Fiore responded with words to the
    effect that the request was still denied and that Complainant's safety was not Fiore's
5   concern with scheduling.
    On or about September 30, 2017, following her shift, Complainant complained to her
6   Manager Furtado about her conversation with Fiore, that Fiore refused to change the
7   schedule, and that Complainant did not feel safe working with Stoner.  Furtado told
    Complainant to make a complaint to corporate about the situation.  Complainant
8   explained that she would not make a complaint to corporate because she feared that
    she would be retaliated against for going to corporate.
9   On or about October 5, 2017, Fiore called Complainant to inform her that her
    Saturday shift would be changed to accommodate her requests not to work with
10  Stoner.  The changed shift was a less desirable shift, and a demotion.
11  On or about October 5, 2017, Complainant submitted her letter of resignation to
    General Manager Green.
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

28  Date Filed: September 7, 2018
    Date Amended: September 7, 2018

1 | VERIFICATION

2 | I, **Morgan Good**, am the **Attorney** in the above-entitled complaint.  I have read the
3 | foregoing complaint and know the contents thereof.  The matters alleged are based
 | on information and belief, which I believe to be true.

4 |
 | On September 7, 2018, I declare under penalty of perjury under the laws of the State
5 | of California that the foregoing is true and correct.

6 | **Santa Barbara, California**

7 |

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 | -4-
 | *Complaint – DFEH No. 201808-03321622*

28 | Date Filed: September 7, 2018
 | Date Amended: September 7, 2018

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

San Bernardino District - Civil
247 West Third Street

San Bernardino, CA. 924150210
------------------------------------------------------------------------
------------------------------------------------------------------------
                                      CASE NO: CIVDS1825602

    THE MYERS LAW GROUP
    9327 FAIRWAY VIEW PLACE
    STE 100
    RANCHO CUCAMONGA CA 91730
                            NOTICE OF TRIAL SETTING CONFERENCE


IN RE: KLEINE-V-CINEMARK USA, ET AL

THIS CASE HAS BEEN ASSIGNED TO: DONNA GUNNELL GARZA IN DEPARTMENT S24
FOR ALL PURPOSES.

Notice is hereby given that the above-entitled case has been set for
Trial Setting Conference at the court located at 247 WEST THIRD STREET
SAN BERNARDINO, CA  92415-0210.

        HEARING DATE: 03/28/19 at  8:30 in Dept. S24


DATE: 09/28/18  Nancy Eberhardt, Court Executive Officer
                                          By: ASHLEE BAYLESS
------------------------------------------------------------------------
------------------------------------------------------------------------
                    CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice:
( ) Enclosed in a sealed envelope mailed to the interested party
addressed above, for collection and mailing this date, following
standard Court practices.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S./mail at the location shown above, mailed to the interested party
and/addressed as shown above, or as shown on the attached listing.
(✓) A copy of this notice was given to the filing party at the counter
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

Date of Mailing: 09/28/18
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 09/28/18 at San Bernardino, CA

                              BY: ASHLEE BAYLESS

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO** CIV DS 1 8 2 5 6 0 2

MADISON KLEINE

Case No. _____

vs.

**CERTIFICATE OF ASSIGNMENT**

CINEMARK USA, INC., ET AL

---

A civil action or proceeding presented for filing must be accompanied by this certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the   SAN BERNARDINO
District of the Superior Court under Rule 404 of this court for the checked reason:
      [X] General      [ ] Collection

| | | **Nature of Action** | **Ground** |
|---|---|---|---|
| [ ] | 1 | Adoption | Petitioner resides within the district. |
| [ ] | 2 | Conservator | Petitioner or conservatee resides within the district. |
| [ ] | 3 | Contract | Performance in the district is expressly provided for. |
| [ ] | 4 | Equity | The cause of action arose within the district. |
| [ ] | 5 | Eminent Domain | The property is located within the district. |
| [ ] | 6 | Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 7 | Guardianship | Petitioner or ward resides within the district or has property within the district. |
| [ ] | 8 | Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 9 | Mandate | The defendant functions wholly within the district. |
| [ ] | 10 | Name Change | The petitioner resides within the district. |
| [ ] | 11 | Personal Injury | The injury occurred within the district. |
| [ ] | 12 | Personal Property | The property is located within the district. |
| [ ] | 13 | Probate | Decedent resided or resides within the district or had property within the district. |
| [ ] | 14 | Prohibition | The defendant functions wholly within the district. |
| [ ] | 15 | Review | The defendant functions wholly within the district. |
| [ ] | 16 | Title to Real Property | The property is located within the district. |
| [ ] | 17 | Transferred Action | The lower court is located within the district. |
| [ ] | 18 | Unlawful Detainer | The property is located within the district. |
| [ ] | 19 | Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| [ ] | 20 | Other | |
| [X] | 21 | THIS FILING WOULD NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT. | |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designated district is:

| CINEMARK | | 18935 BEAR VALLEY ROAD | |
|---|---|---|---|
| (NAME - INDICATE TITLE OR OTHER QUALIFYING FACTOR) | | ADDRESS | |
| APPLE VALLEY | CA | | 92308 |
| (CITY) | (STATE) | | (ZIP CODE) |

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on

SEPTEMBER 27, 2018     at   RANCHO CUCAMONGA _____, California

_____
Signature of Attorney/Party

13-16503-360 Rev. 10/94

SB-16503

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

[PLEASE SEE ATTACHMENT]

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MADISON KLEINE, an individual

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

SEP 2 8 2018

ASHLEE BAYLESS, DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* SAN BERNARDINO <br> 247 West Third Street <br> San Bernardino, 92415-0210 | CASE NUMBER: <br> *(Número del Caso):* CIVDS1825602 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

David P. Myers, The Myers Law Group, 9327 Fairway View Place, Ste. 100, Rancho Cucamonga, CA 91730

| DATE: <br> *(Fecha)* SEP 2 8 2018 | Clerk, by <br> *(Secretario)* Ashlee Bayless | , Deputy <br> *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

COPY

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Century Theatres, Inc. a California corporation
   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 <br> www.courtinfo.ca.gov |
|---|---|---|

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| KLEINE V. CINEMARK USA, INC., ET AL | CIVDS1825602 |

**INSTRUCTIONS FOR USE**

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

CINEMARK USA, INC., a Texas Corporation; CENTURY THEATRES, INC., a California corporation; and DOES 1 THROUGH 10, inclusive

Defendants.

Page ___1___ of ___1___

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| David P. Myers (SBN 206137); John M. Tomberlin, Jr. (SBN 310435)<br>THE MYERS LAW GROUP, APC<br>9327 Fairway View Place, Ste. 100, Rancho Cucamonga, CA 91730<br>TELEPHONE NO.: 909-919-2027   FAX NO.: 888-375-2102<br>ATTORNEY FOR *(Name)*: Plaintiff MADISON KLEINE | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO CIVIL DIVISION<br><br>SEP 2 8 2018<br><br>ASHLEE BAYLESS, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
 STREET ADDRESS: 247 West Third Street
 MAILING ADDRESS: 247 West Third Street
 CITY AND ZIP CODE: San Bernardino, 92415-0210
 BRANCH NAME: Civil Division

CASE NAME: MADISON KLEINE V. CINEMARK USA, INC., ET AL

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CIVDS1825602 |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** ·
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☑ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify)*: 5
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 27, 2018

David P. Myers, Esq.
(TYPE OR PRINT NAME)                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

1 | David P. Myers (SBN 206137)
2 | Ann Hendrix (SBN 258285)
| John M. Tomberlin, Jr. (SBN 310435)
3 | **THE MYERS LAW GROUP, A.P.C.**
| 9327 Fairway View Place, Ste. 100
4 | Rancho Cucamonga, CA 91730
| Telephone: (909) 919-2027
5 | Facsimile: (888) 375-2102

6 | Attorneys for Madison Kleine

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

SEP 28 2018

BY _____
ASHLEE BAYLESS, DEPUTY

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN BERNARDINO

CIVDS1825602

| | |
|---|---|
| MADISON KLEINE, an individual, | **COMPLAINT FOR DAMAGES** |
| Plaintiff, | 1. **SEXUAL HARASSMENT, HOSTILE WORK ENVIRONMENT** |
| vs. | 2. **RETALIATION** |
| | 3. **FAILURE TO PREVENT HARASSMENT AND RETALIATION** |
| CINEMARK USA, INC., a Texas Corporation; CENTURY THEATRES, INC., a California corporation; and DOES THROUGH 10, inclusive | 4. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY** |
| Defendants. | 5. **VIOLATION OF EMPLOYMENT WITHOUT DISCRIMINATION; REQUEST FOR DECLARATORY RELIEF** |
| | **DEMAND FOR JURY TRIAL** |

## INTRODUCTION

Madison Kleine ("Plaintiff") brings this action against Cinemark USA, Inc., Century Theatres, Inc., and other as of yet unnamed Defendants (hereafter collectively "Defendants") alleging, among other things, violations of the California Fair Employment and Housing Act. Plaintiff seeks damages, attorneys' fees and costs of suit.

///
///

THE MYERS LAW GROUP, A. P. C.
9327 Fairway View Place, Ste. 100
Rancho Cucamonga, California 91730

## GENERAL ALLEGATIONS

1.   This action is properly filed in Court in San Bernardino County in this district as Defendants do business in this county and their obligations and liability arise here.

2.   Plaintiff is Defendant's former employee and a resident of San Bernardino County, California.

3.   Cinemark USA, Inc. is a Texas Corporation, registered to do business in California, and doing business in San Bernardino County, California.

4.   Century Theatres, Inc. is a California Corporation, registered to do business in California, and doing business in San Bernardino County, California.

5.   The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 through 10 are unknown to Plaintiff, who therefore sues the DOE Defendants by fictitious names. Plaintiff will amend her complaint to show their true names and capacities as ascertained.

6.   On information and belief, each of the acts and omissions alleged were performed by, or are attributable to, all Defendants, each acting as agents or employees, or under the direction and control of each of the other Defendants, and the acts or failures to act were within the course and scope of agency, employment, or direction and control. (In these pleadings, the word 'or' between two or more alternatives shall not implying mutual exclusivity unless it is preceded by the word 'either'). On information and belief, at all relevant times, Defendants were and are each other's agents.

7.   Defendants operated as a joint employer or integrated enterprise with another defendant or other defendants, each such defendant is jointly and severally liable as an employer. In the event that any defendant was acting as the alter ego of another defendant or other defendants such that there is or was such a unity and identity of interest between or among each said defendant that adherence to the legal fiction of separate existence would, under the particular circumstances that exist or existed, would sanction fraud or promote injustice, it would be an inequitable result to fail to disregard any such separateness of legal personality.

///

///

8327 Fairway View Place, Ste. 100
Rancho Cucamonga, California 91730

8.   On information and belief, Defendants DOES 1 through 10 are the partners, owners, shareholders, or managers of Defendant Employer, and were acting on behalf of Defendant Employer in the payment of wages to Plaintiff.

### FACTS COMMON TO MORE THAN ONE CAUSE OF ACTION

9.   Defendants employed Plaintiff from on about March 2, 2016, until Plaintiff was forced to resign on or about October 5, 2017.  Plaintiff was hired as an usher and had been promoted to shift leader by the time of her forced resignation.

10.  On about May 31, 2017, Defendants hired Nicholas Stoner as an usher. Defendant regularly scheduled Stoner to work with Plaintiff.  Stoner regularly engaged in conduct at work that made Plaintiff uncomfortable and anxious, including but not limited to: making comments to Plaintiff that Stoner only likes female company - especially Plaintiff's company; making comments to Plaintiff about pornographic adult films; watching Plaintiff or staring at her while she was working; interrupting Plaintiff while she was helping customers to ask Plaintiff non-work related questions; trying to stand very close to Plaintiff;  trying to touch Plaintiff on her shoulders, her back, or her hair; following Plaintiff out to her car in the parking lot; standing outside of Plaintiff's car and watching her while she took breaks in her car; and following Plaintiff around at work. More than once, Plaintiff asked Stoner to stop his behavior and tried to avoid interacting with him.  Plaintiff felt she could only escape Stoner by going to the women's restroom.

11.  In early August 2017, Plaintiff told her Manager, Austin Hunt, that Stoner's behavior was making her anxious and uncomfortable, and Stoner continued to harass her even though she had asked him to stop repeatedly.  Hunt told Plaintiff she should go to Scott Green, the General Manager, to complain about Stoner.

12.  On about August 5, 2017, Plaintiff complained to Green about Stoner.  Plaintiff met with Green in his office, and Plaintiff believes Green took notes on his computer about Plaintiff's complaints.  During the meeting, Plaintiff requested she and Stoner no longer be scheduled on the same shifts because of his behavior and that behavior making her feel uncomfortable, anxious, and unsafe.

13.  After the meeting with Green, Defendants continued scheduling Plaintiff and Stoner on the same shifts.

14. In about September 2017, Plaintiff complained to Green again about Stoner. Plaintiff complained she and Stoner continued to be scheduled on the same shifts despite her complaints about him Stoner's behavior had not changed, and he continued to make her feel unsafe at work.

15. On about September 30, 2017, while Plaintiff was training a co-worker and working with customers, Plaintiff asked to speak privately with Senior Manager Patty Ann Fiore, who was in charge of scheduling. Plaintiff wanted to speak with Fiore about not being scheduled with Stoner. When Plaintiff initiated the conversation, Fiore interrupted that she knew what Plaintiff was going to request and the answer was "no." Plaintiff again told Fiore she would like to talk about it privately. Fiore refused to speak privately with Plaintiff, so Plaintiff had to explain, in front of customers and coworkers, that she had requested a schedule change because she no longer felt safe or comfortable at work. Fiore responded with words to the effect that the request was still denied and Plaintiff's safety was not Fiore's concern with scheduling.

16. On about September 30, 2017, following her shift, Plaintiff complained to her Manager Furtado about her conversation with Fiore, that Fiore refused to change the schedule, and that Plaintiff did not feel safe working with Stoner. Furtado told Plaintiff to make a complaint to corporate about the situation. Plaintiff explained she would not make a complaint to corporate because she feared she would be retaliated against for going above local management.

17. On about October 5, 2017, Fiore called Plaintiff to inform her that her Saturday shift would be changed to accommodate her requests not to work with Stoner. The changed shift was a less desirable shift and a demotion.

18. On about October 5, 2017, Plaintiff submitted her letter of resignation to Green, as she felt forced to do based on the lack of change in harassment.

19. Plaintiff filed an administrative complaint with the Department of Fair Employment and Housing ("DFEH"). On September 7, 2018, the DFEH issued Plaintiff a right to sue letter, attached here as Exhibit A.

///

///

## FIRST CAUSE OF ACTION

### (Sexual Harassment, Hostile Work Environment – Govt. Code §12940(j))

### (Against All Defendants)

20. Plaintiff incorporates here each allegation in paragraphs 1 through 19 above.

21. The Fair Employment and Housing Act ("FEHA") makes it unlawful for an employer to sexually harass an employee. Govt. Code §12940

22. Defendants, their agents, or employees engaged in a pattern and practice of unlawful sexual harassment in violation of FEHA. Govt. Code §12940(j).

23. The harassment was sufficiently severe or pervasive as to alter conditions of employment and to create a hostile or abusive work environment

24. As a proximate result of Defendants' wrongful conduct, Plaintiff suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount to be proved at trial.

25. As a proximate result of Defendants' wrongful conduct, Plaintiff suffered emotional distress and other general damages, in an amount to be proved at trial.

26. Defendants actions were carried out with malice, willfulness, or reckless indifference to Plaintiff's rights, with full knowledge of their unlawfulness, and intending to deprive her of rights guaranteed by law. Plaintiff is entitled to punitive damages to deter such unlawful, malicious, oppressive or reckless conduct.  Defendants' conduct was effectuated or ratified by their officers, directors, or managing agents.

27. Plaintiff has incurred and continues to incur attorneys' fees and legal expenses in an amount to be proved at trial.

## SECOND CAUSE OF ACTION

### (Retaliation – Violation of Cal. Gov't Code §12940(h))

### (Plaintiff against All Defendants)

28. Plaintiff incorporates here each allegation in paragraphs 1 through 19 above.

29. Plaintiff engaged in the protected activities of, but not limited to, opposing sexual harassment.

30. Defendants retaliated in violation of the FEHA by including, but not limited to, refusing to change the schedule, demoting her, and constructively terminating Plaintiff.

9327 Fairway View Place, Ste. 100
Rancho Cucamonga, California 91730

31. As a proximate result of Defendants' wrongful conduct, Plaintiff suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount to be proved at trial.

32. As a proximate result of Defendants' wrongful conduct, Plaintiff suffered emotional distress and other general damages, in an amount to be proved at trial.

33. Defendants actions were carried out with malice, willfulness, or reckless indifference to Plaintiff's rights, with full knowledge of their unlawfulness, and intending to deprive her of rights guaranteed by law. Plaintiff is entitled to punitive damages to deter such unlawful, malicious, oppressive or reckless conduct.  Defendants' conduct was effectuated or ratified by their officers, directors, or managing agents.

34. Plaintiff has incurred and continues to incur attorneys' fees and legal expenses in an amount to be proved at trial.

### THIRD CAUSE OF ACTION

### (Failure to Prevent Harassment and Retaliation – Govt. Code §12940(k))
### (Plaintiff against All Defendants)

35. Plaintiff incorporates here each allegation in paragraphs 1 through 19 above.

36. On information and belief, no meaningful or adequate disciplinary action was taken against any employees who harassed or retaliated against Plaintiff.

37. In violation of Govt. Code §12940(k), Defendants, their agents, or employees, failed to take all reasonable steps necessary to investigate and prevent unlawful harassment, or retaliation from occurring, and to remedy such harassment, or retaliation.

38. As a proximate result of Defendants' wrongful conduct, Plaintiff suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount to be proved at trial.

39. As a proximate result of Defendants' wrongful conduct, Plaintiff has suffered emotional distress and other general damages, in an amount to be proved at trial.

40. Defendants actions were carried out with malice, willfulness, or reckless indifference to Plaintiff's rights, with full knowledge of their unlawfulness, and intending to deprive her of rights guaranteed by law. Plaintiff suffered over eighty thousand dollars and is entitled to punitive damages to deter such unlawful, malicious, oppressive, or

9327 Fairway View Place, Ste. 100
Rancho Cucamonga, California 91730

1  reckless conduct. Defendants' conduct was effectuated or ratified by their officers,

2  directors, or managing agents.

3      41. Plaintiff has incurred and continues to incur attorneys' fees and legal expenses

4  in an amount to be proved at trial.

## FOURTH CAUSE OF ACTION

### (Wrongful Termination in Violation of Public Policy)

### (Against all Defendants)

8      42. Plaintiff incorporates here each allegation in paragraphs 1 through 19 above.

9      43. Defendant's severe and persistent violation of fundamental public policies

10 constructively discharged Plaintiff's employment. It is against California public policy to

11 allow sexual harassment of an employee and to retaliate against an employee for

12 opposing sexual harassment.

13     44. As a proximate result of Defendants' wrongful conduct, Plaintiff suffered and

14 continues to sustain substantial losses in earnings and other employment benefits in an

15 amount to be proved at trial.

16     45. As a proximate result of Defendants' wrongful conduct, Plaintiff suffered

17 emotional distress and other general damages, in an amount to be proved at trial.

18     46. Defendants actions were carried out with malice, willfulness, or reckless

19 indifference to Plaintiff's rights, with full knowledge of their unlawfulness, and intending

20 to deprive her of rights guaranteed by law. Plaintiff is entitled to punitive damages to

21 deter such unlawful, malicious, oppressive or reckless conduct. Defendants' conduct was

22 effectuated or ratified by their officers, directors, or managing agents.

23     47. Plaintiff has incurred and continues to incur attorneys' fees and legal expenses

24 in an amount to be proved at trial.

## FIFTH CAUSE OF ACTION

### (Violation of Employment Without Discrimination as Civil Right - Govt. Code

### §12921(a); Request for Declaratory Judgment - Code of Civil Procedure §1060)

### (Plaintiff against All Defendants)

29     48. Plaintiff incorporates here each allegation in paragraphs 1 through 47 above.

30     49. Govt. Code §12920 sets forth California's public policy in relevant part as:

8327 Fairway View Place, Ste. 100
Rancho Cucamonga, California 91730

It is hereby declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation.

It is the purpose of this part to provide effective remedies that will eliminate these discriminatory practices. This part shall be deemed an exercise of the police power of the state for the protection of the welfare, health, and peace of the people of this state.

50. Govt. Code §12920.5 embodies the California legislature's intent:

In order to eliminate discrimination, it is necessary to provide effective remedies that will both prevent and deter unlawful employment practices and redress the adverse effects of those practices on aggrieved persons. To that end, this part shall be deemed an exercise of the Legislature's authority pursuant to Section 1 of Article XIV of the California Constitution.

51. Govt. Code §12921(a) states in pertinent part:

The opportunity to seek, obtain, and hold employment without discrimination because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or military and veteran status is hereby recognized as and declared to be a civil right.

52. An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties because Plaintiff contends Defendants' constructive terminated her because of the reasons alleged, including but not limited to, her protected activities. It is believed Defendants will allege Plaintiff's constructive termination was based on a non-discriminatory, legitimate reason and not because of her protected activities. The reasons given by Defendants es a pretext to mask its true reasons for constructively termination – Plaintiff engaging in protected activities.

53. Pursuant to Code of Civil Procedure §1060, Plaintiff desires a judicial determination of her rights and duties, and those of Defendants. Specifically, Plaintiff seeks a declaration that her rights were violated by Defendants when they unlawfully forced her to resign. A judicial declaration is necessary and appropriate under the circumstances for Plaintiff, on behalf of herself and California employees and in conformity with the State's public policy, to obtain a judicial declaration of Defendants wrongdoing and to condemn such discriminatory employment policies or practices.

THE MYERS LAW GROUP, A. P. C.
9327 Fairway View Place, Ste. 100
Rancho Cucamonga, California 91730

54. Plaintiff is entitled to declaratory relief and an award of reasonable attorney's fees and costs under §12965(b). *Harris v. City of Santa Monica*, 56 Cal. 4th 203, 241 (Cal. 2013). A judicial declaration is necessary and appropriate to make Defendants aware of thier obligations to not violate the law engage in discriminatory and harassing practices.

55. Govt. Code §12965(b) allows an aggrieved party, such as Plaintiff, to be awarded reasonable attorneys' fees and costs. Such fees and costs expended by the aggrieved party may be awarded for the purpose redressing, preventing, or deterring discrimination. As a proximate result of Defendants' wrongful conduct, Plaintiff is entitled to declaratory relief, attorneys' fees and costs, including expert witness fees.

<strong>PRAYER FOR RELIEF</strong>

WHEREFORE, Plaintiff prays judgment as follows:

1. For an award of damages in an amount according to proof with interest thereon;

2. For compensatory and general damages in an amount according to proof;

3. For past and future lost income and benefits;

4. For punitive damages;

5. For declaratory relief;

6. For injunctive relief;

7. For an award of reasonable attorneys' fees, costs and interest pursuant to Code of Civil Procedure §1021.5, Govt. Code §12940 *et seq.*, or all other applicable law; and

8. For such other and further relief as this Court deems just and proper.

Dated: September 27, 2018                    THE MYERS LAW GROUP, A.P.C.

By: _____
David P. Myers
Ann Hendrix
John M. Tomberlin, Jr.
Attorneys for Plaintiff Madison Kleine

THE MYERS LAW GROUP, A. P. C.
9327 Fairway View Place, Ste. 100
Rancho Cucamonga, California 91730

EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                               GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

September 7, 2018

Ann Hendrix
9327 Fairway View Place
Rancho Cucamonga, California 91730

RE:   **Notice to Complainant's Attorney**
      DFEH Matter Number: 201808-03321622
      Right to Sue: Kleine / Cinemark USA, Inc.

Dear Ann Hendrix:

Attached is a copy of your **amended** complaint of discrimination filed with the
Department of Fair Employment and Housing (DFEH) pursuant to the California Fair
Employment and Housing Act, Government Code section 12900 et seq.

Pursuant to Government Code section 12962, DFEH will not serve these documents on
the employer. You or your client must serve the complaint.

The amended complaint is deemed to have the same filing date of the original
complaint. This is not a new Right to Sue letter. The original Notice of Case Closure
and Right to Sue issued in this case remains the only such notice provided by the
DFEH. (Cal. Code Regs., tit. 2, § 10022.)

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
Madison Kleine                                    DFEH No. 201808-03321622

                              Complainant,

vs.

Cinemark USA, Inc.
3900 Dallas Pkwy
Plano, Texas 75093

Century Theatres, Inc.
3900 Dallas Pkwy Ste. 500
Plano, Texas 75093

                              Respondents
_____

1. Respondent **Cinemark USA, Inc.** is an **employer** subject to suit under the
California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Madison Kleine**, resides in the City of **Apple Valley** State of
**California.**

3. Complainant alleges that on or about **October 5, 2017**, respondent took the
following adverse actions:

**Complainant was harassed** because of complainant's sexual harassment- hostile
environment.

**Complainant was discriminated against** because of complainant's sex/gender and
as a result of the discrimination was forced to quit, demoted, denied a work
environment free of discrimination and/or retaliation, denied any employment benefit
or privilege.

**Complainant experienced retaliation** because complainant reported or resisted
any form of discrimination or harassment and as a result was forced to quit,

-1-
Complaint – DFEH No. 201808-03321622

Date Filed: September 7, 2018
Date Amended: September 7, 2018

1   demoted, denied a work environment free of discrimination and/or retaliation, denied
2   any employment benefit or privilege.

3   **Additional Complaint Details:** Respondents employed Complainant from on or
4   about March 2, 2016, until Complainant was forced to resign on or about October 5,
    2017. Complainant was hired as an usher and was promoted to shift leader by the
5   time of her forced resignation.
6   On or about May 31, 2017, Respondents hired Nicholas Stoner as an usher, and
    Stoner was frequently scheduled to work with Complainant. Stoner regularly
7   engaged in conduct at work that made Complainant uncomfortable and anxious,
    including but not limited to: making comments to Complainant that Stoner only likes
8   female company, and that he especially likes Complainant's company; making
    comments to Complainant about pornographic adult films; watching Complainant or
9   staring at her while she was working; interrupting Complainant while she was
    helping customers to ask Complainant non-work related questions; trying to stand
10  very close to Complainant; trying to touch Complainant on her shoulders, her back,
11  or her hair; following Complainant out to her car in the parking lot; standing outside
    of Complainant's car and watching her while she took breaks in her car; and
12  following Complainant around during work. More than once, Complainant asked
    Stoner to stop this behavior and she tried to avoid interacting with Stoner.
13  Complainant felt that she could only get away from Stoner if she went into the
14  women's restroom.
    In early August, Complainant told her Manager, Austin Hunt, that Stoner's behavior
15  was making her anxious and uncomfortable, and that Stoner continued to harass her
    even though she had asked him to stop. Manager Hunt told Complainant that she
16  should go to General Manager Scott Green to complain about Stoner.
    On or about August 5, 2017, Complainant complained to General Manager Scott
17  Green about Stoner. Complainant met with Green in Green's office, and
    Complainant believes that Green took notes on his computer about Complainant's
18  complaints. During this meeting, Complainant requested that she and Stoner no
19  longer be scheduled on the same shifts because Stoner made her feel
    uncomfortable, anxious, and unsafe.
20  Following Complainant's meeting with Green on or about August 5, 2017,
    Respondents continued to schedule Complainant and Stoner on the same shifts.
21  In or about September 2017, Complainant complained to General Manager Green
22  again about Stoner. Complainant complained that she and Stoner continued to be
    scheduled on the same shifts despite her complaints about him, that Stoner's
23  behavior has not changed, and that he continues to make Complainant feel unsafe
    at work.
24  On or about September 30, 2017, while Complainant was training a co-worker and
25  working with customers, Complainant asked to speak privately with Senior Manager
    Patty Ann Fiore, who was in charge of scheduling. Complainant wanted to speak

26

27                                    -2-

28  Date Filed: September 7, 2018
    Date Amended: September 7, 2018

1  with Fiore about not being scheduled with Stoner. Fiore responded that she knew what Complainant was going to request, and that the answer would be no.

2  Complainant again told Fiore that she would like to talk about it privately. Fiore refused to speak privately with Complainant, so Complainant had to explain, in front

3  of customers and coworkers, that she had requested a schedule change because

4  she no longer felt safe or comfortable at work. Fiore responded with words to the effect that the request was still denied and that Complainant's safety was not Fiore's

5  concern with scheduling.

6  On or about September 30, 2017, following her shift, Complainant complained to her Manager Furtado about her conversation with Fiore, that Fiore refused to change the

7  schedule, and that Complainant did not feel safe working with Stoner. Furtado told Complainant to make a complaint to corporate about the situation. Complainant

8  explained that she would not make a complaint to corporate because she feared that she would be retaliated against for going to corporate.

9  On or about October 5, 2017, Fiore called Complainant to inform her that her Saturday shift would be changed to accommodate her requests not to work with

10  Stoner. The changed shift was a less desirable shift, and a demotion.

11  On or about October 5, 2017, Complainant submitted her letter of resignation to General Manager Green.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Date Filed: September 7, 2018
Date Amended: September 7, 2018

1  VERIFICATION

2  I, **Morgan Good**, am the **Attorney** in the above-entitled complaint.  I have read the
3  foregoing complaint and know the contents thereof.  The matters alleged are based
   on information and belief, which I believe to be true.

4
   On September 7, 2018, I declare under penalty of perjury under the laws of the State
5  of California that the foregoing is true and correct.

6                                                                **Santa Barbara, California**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
                                              -4-
27                              *Complaint – DFEH No. 201808-03321622*

28  Date Filed: September 7, 2018
    Date Amended: September 7, 2018

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO CIVDS1825602

MADISON KLEINE

Case No. _____

vs.

CERTIFICATE OF ASSIGNMENT

CINEMARK USA, INC., ET AL

---

A civil action or proceeding presented for filing must be accompanied by this certificate. If the ground is the residence
of a party, name and residence shall be stated.

---

The undersigned declares that the above-entitled matter is filed for proceedings in the **SAN BERNARDINO**
District of the Superior Court under Rule 404 of this court for the checked reason:

[X] General     [ ] Collection

| | | **Nature of Action** | **Ground** |
|---|---|---|---|
| [ ] | 1 | Adoption | Petitioner resides within the district. |
| [ ] | 2 | Conservator | Petitioner or conservatee resides within the district. |
| [ ] | 3 | Contract | Performance in the district is expressly provided for. |
| [ ] | 4 | Equity | The cause of action arose within the district. |
| [ ] | 5 | Eminent Domain | The property is located within the district. |
| [ ] | 6 | Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 7 | Guardianship | Petitioner or ward resides within the district or has property within the district. |
| [ ] | 8 | Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 9 | Mandate | The defendant functions wholly within the district. |
| [ ] | 10 | Name Change | The petitioner resides within the district. |
| [ ] | 11 | Personal Injury | The injury occurred within the district. |
| [ ] | 12 | Personal Property | The property is located within the district. |
| [ ] | 13 | Probate | Decedent resided or resides within the district or had property within the district. |
| [ ] | 14 | Prohibition | The defendant functions wholly within the district. |
| [ ] | 15 | Review | The defendant functions wholly within the district. |
| [ ] | 16 | Title to Real Property | The property is located within the district. |
| [ ] | 17 | Transferred Action | The lower court is located within the district. |
| [ ] | 18 | Unlawful Detainer | The property is located within the district. |
| [ ] | 19 | Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| [ ] | 20 | Other | _____ |
| [X] | 21 | THIS FILING WOULD NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT. | |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case
for filing in the above-designated district is:

| CINEMARK | 18935 BEAR VALLEY ROAD |
|---|---|
| (NAME - INDICATE TITLE OR OTHER QUALIFYING FACTOR) | ADDRESS |
| APPLE VALLEY | CA     92308 |
| (CITY) | (STATE)    (ZIP CODE) |

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on

SEPTEMBER 27, 2018     at    RANCHO CUCAMONGA             , California

Signature of Attorney/Party

13-16503-360 Rev. 10/94                                   SB-16503

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO


San Bernardino District - Civil
247 West Third Street

San Bernardino, CA. 924150210
------------------------------------------------------------------------
------------------------------------------------------------------------
                                    CASE NO: CIVDS1825602

    THE MYERS LAW GROUP
    9327 FAIRWAY VIEW PLACE
    STE 100
    RANCHO CUCAMONGA CA 91730
                         NOTICE OF TRIAL SETTING CONFERENCE


IN RE: KLEINE-V-CINEMARK USA, ET AL

THIS CASE HAS BEEN ASSIGNED TO: DONNA GUNNELL GARZA IN DEPARTMENT S24
FOR ALL PURPOSES.

Notice is hereby given that the above-entitled case has been set for
Trial Setting Conference at the court located at 247 WEST THIRD STREET
SAN BERNARDINO, CA  92415-0210.

        HEARING DATE: 03/28/19 at  8:30 in Dept. S24


DATE: 09/28/18  Nancy Eberhardt, Court Executive Officer
                                    By: ASHLEE BAYLESS
------------------------------------------------------------------------
------------------------------------------------------------------------
                    CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice:
( ) Enclosed in a sealed envelope mailed to the interested party
addressed above, for collection and mailing this date, following
standard Court practices.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
(✓) A copy of this notice was given to the filing party at the counter
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

Date of Mailing: 09/28/18
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 09/28/18 at San Bernardino, CA

                                    BY: ASHLEE BAYLESS