# EXHIBIT B

HUNTON ANDREWS KURTH LLP
EMILY BURKHARDT VICENTE (SBN 263990)
ebvicente@HuntonAK.com
SONYA GOODWIN (SBN 281005)
sgoodwin@HuntonAK.com
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone: 213 • 532 • 2000
Facsimile:  213 • 532 • 2020

Attorneys for Defendants
CINEMARK USA, INC. and
CENTURY THEATRES, INC.

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

NOV 14 2018

BY _____
BRENDA MATSUMURA, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| MADISON KLEINE, an individual,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CINEMARK USA, INC., a Texas corporation; CENTURY THEATRES, INC., a California corporation; AND DOES THROUGH 10, inclusive,<br><br>　　　　　Defendants. | CASE NO. CIVDS1825602<br><br>**DEFENDANT CINEMARK USA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>Complaint Filed: September 28, 2018 |

Defendant Cinemark USA, Inc. ("Defendant") hereby answers, on behalf of itself and no other defendants, the unverified Complaint for Damages ("Complaint") filed by Plaintiff Madison Kleine ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to section 431.30 of California Code of Civil Procedure, Defendant denies, generally and specifically, each and every allegation set forth in the Complaint. Defendant further denies, generally and specifically, that Plaintiff has been injured in any sum therein alleged, and denies that Plaintiff is entitled to damages or any other relief whatsoever by reason of any act or omission on the part of Defendant.

Without waiving or excusing the burden of proof of Plaintiff, or admitting that Defendant has any burden of proof, Defendant hereby asserts the following affirmative or other defenses:

## FIRST DEFENSE

(Failure to State a Claim)

1. Plaintiff's Complaint, and each claim contained therein, fails to state facts sufficient to constitute a claim upon which relief can be granted.

## SECOND DEFENSE

(Failure to Exhaust Administrative Remedies)

2. Plaintiff's claims are barred in whole or in part because she failed to exhaust her administrative remedies.

## THIRD DEFENSE

(Avoidable Consequences)

3. Defendant alleges, based on information and belief, that Plaintiff failed to take reasonable advantage of available procedures to prevent and correct any alleged discrimination, harassment, and retaliation, and, therefore, Plaintiff's damages claims are barred, in whole or in part, by the avoidable consequences doctrine.

///

///

///

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

## FOURTH DEFENSE

(Failure to Mitigate Damages)

4.  Plaintiff had a duty to take reasonable steps to mitigate and/or avoid her damages. To the extent Plaintiff failed to take such steps, she is barred in whole or in part from recovering damages in this action, if any.

## FIFTH DEFENSE

(Unjust Enrichment)

5.  Plaintiff's claims are barred to the extent that any award in this action would constitute unjust enrichment.

## SIXTH DEFENSE

(Legitimate, Non-Discriminatory Actions)

6.  Any recovery on Plaintiff's Complaint is barred in whole or in part because the actions alleged to be taken with respect to Plaintiff, if any were taken at all, were undertaken for legitimate, non-discriminatory reasons and all actions taken by Defendant or its agents were for good cause and not for any improper reason or motive.

## SEVENTH DEFENSE

(Discrimination, Retaliation and Harassment Prevention)

7.  Defendant, at all relevant times herein, took all appropriate actions to prevent any discriminatory, harassing, or retaliatory conduct from occurring, thereby satisfying all legal obligations owed to Plaintiff, if any at all. Further, even if any unlawful conduct occurred, which Defendant denies, such conduct was prohibited by Defendant's policies and was not within the actual or constructive knowledge of higher management in Defendant's corporate structure nor was it committed, countenanced, ratified, or approved by higher management in Defendant's corporate structure.

## EIGHTH DEFENSE

(Not Severe or Pervasive)

8.  Plaintiff's claims are barred because the conduct alleged in the Complaint is not severe or pervasive and therefore cannot constitute harassment.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

## NINTH DEFENSE

(Scope of Authority)

9. Any alleged unlawful conduct engaged in by the agents of Defendant upon which Plaintiff bases her claims, if they were made at all, were made outside of the course and scope of such agents' authority. Plaintiff is barred from asserting any purported cause of action against Defendant based on this alleged conduct.

## TENTH DEFENSE

(No Ratification)

10. Some or all of Plaintiff's claims are barred because Defendant had no notice of any allegedly discriminatory, harassing, or retaliatory conduct, nor any reason to know such conduct would occur. To the extent any alleged discriminatory conduct occurred, it was not authorized or ratified by Defendant, was conducted outside the course and scope of employment with Defendant, was in violation of Defendant's policies and procedures, and was directly contrary to Defendant's good faith efforts to comply with anti-discrimination, anti-harassment, and anti-retaliation laws.

## ELEVENTH DEFENSE

(Waiver/Estoppel/Consent/Unclean Hands)

11. Some or all of Plaintiff's causes of action are barred to the extent Plaintiff has waived them by her actions, is estopped from advancing them, has consented to any of the matters alleged in the Complaint, and/or is barred by the unclean hands doctrine.

## TWELFTH DEFENSE

(Good Faith)

12. Some or all of Plaintiff's causes of action are barred because Defendant and its agents at all times acted reasonably and in good faith on matters relating to Plaintiff's employment with Defendant based on all relevant facts and circumstances known by them at the time.

## THIRTEENTH DEFENSE

(Same Decision/Mixed Motive)

13. Any recovery on Plaintiff's Complaint is barred, in whole or in part, because, to the extent Plaintiff engaged in any protected activity or any employment decision with respect to

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Plaintiff was partially motivated by discrimination, which Defendant denies, the same decisions or actions would have occurred for legitimate, independent reasons, even if Plaintiff had not engaged in any protected activity.

### FOURTEENTH DEFENSE

(After-Acquired Evidence Doctrine)

14. Defendant alleges, based on information and belief, that Plaintiff's Complaint is barred, in whole or in part, by the after-acquired evidence doctrine.

### FIFTEENTH DEFENSE

(Comparative Fault/Comparative Negligence)

15. Although Defendant denies that Plaintiff has been damaged in any way, if it should be determined that Plaintiff has been damaged, then Defendant alleges, based on information and belief, that the losses or damage sustained by Plaintiff were caused by the acts or omissions of Plaintiff and any loss or injury attributable to Plaintiff must be reduced by Plaintiff's comparative fault or negligence contributing to and proximately causing such damage.

### SIXTEENTH DEFENSE

(Lack of Specific Malice)

16. Defendant lacked sufficient intent for the commission of the matters alleged in the Complaint and did not act with any specific malice, fraud, oppression or ill intent towards Plaintiff.

### SEVENTEENTH DEFENSE

(Prompt Corrective Action)

17. Defendant alleges, based on information and belief, that it exercised reasonable care to investigate, prevent and promptly correct any allegedly harassing or retaliatory behavior, to the extent that it occurred and Plaintiff complained to Defendant about it.

### EIGHTEENTH DEFENSE

(No Proximate Causation)

18. Plaintiff's damages, if any, were not proximately caused by any unlawful policy, custom, practice, and/or procedure promulgated and/or tolerated by Defendant.

## NINETEENTH DEFENSE

(Preemption/Worker's Compensation Exclusivity)

19. Some or all of Plaintiff's claims are barred because said claims are preempted by federal and/or state law, including, but not limited to, California's Workers' Compensation Act, Labor Code Section 3200, *et seq*.

## TWENTIETH DEFENSE

(No Punitive Damages or Attorneys' Fees)

20. Plaintiff has failed to allege or prove facts sufficient to allow recovery of punitive/exemplary damages or attorneys' fees against Defendant.

## TWENTY-FIRST DEFENSE

(Punitive Damages Unconstitutional)

21. An award of punitive damages would be an unconstitutional denial of Defendant's rights to due process and/or equal protection under the Fifth and Fourteenth Amendments to the United States Constitution and Articles I and IV of the California Constitution.

## TWENTY-SECOND DEFENSE

(Additional Defenses)

22. Defendant presently has insufficient knowledge and/or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. Defendant reserves the right to assert additional defenses if discovery indicates that such additional defenses would be appropriate.

///
///
///
///
///
///
///
///

## PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1. That all relief requested in the Complaint be denied;
2. That Plaintiff take nothing by this action;
3. That Defendant be awarded the costs of suit incurred herein;
4. That Defendant be awarded its attorneys' fees according to proof; and
5. That the Court award Defendant such other and further relief as the Court may deem proper.

DATED: November 14, 2018

HUNTON ANDREWS KURTH LLP

By: *[signature]*
EMILY BURKHARDT VICENTE
SONYA GOODWIN
Attorneys for Defendant
CINEMARK USA, INC.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to this action. My business address is 550 South Hope Street, Suite 2000, Los Angeles, California 90071-2627.

On **November 14, 2018**, I served the following interested parties in this action with the foregoing document(s) described as:

**DEFENDANT CINEMARK USA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES**

☒ **By MAIL:** by placing true and correct copy(ies) thereof in an envelope addressed to the attorney(s) of record, addressed as stated above.

☐ **By PERSONAL SERVICE:** I delivered the envelope by hand on the addressee, addressed as stated above.

☐ **By OVERNIGHT MAIL:** by overnight courier, I arranged for the above-referenced document(s) to be delivered to an authorized overnight courier service for delivery to the addressee(s) above, in an envelope or package designated by the overnight courier service with delivery fees paid or provided for.

☐ **By ELECTRONIC MAIL:** by causing a true and correct copy thereof to be transmitted electronically to the attorney(s) of record at the e-mail address(es) indicated below:

David P. Myers
Ann Hendrix
John M. Tomberlin, Jr.
THE MYERS LAW GROUP, A.P.C.
9327 Fairway View Place, Ste. 100
Rancho Cucamonga, CA 91730

*Attorney for Plaintiff Madison Kleine*

Tel: 909.919.2027
Fax: 888.375.21.02

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **November 14, 2018**, at Los Angeles, California

_____
Connie Torres

074158.0000055 EMF_US 71373201v4          1
DEFENDANT CINEMARK USA, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

HUNTON ANDREWS KURTH LLP
EMILY BURKHARDT VICENTE (SBN 263990)
ebvicente@HuntonAK.com
SONYA GOODWIN (SBN 281005)
sgoodwin@HuntonAK.com
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone: 213 • 532 • 2000
Facsimile:  213 • 532 • 2020

Attorneys for Defendants
CINEMARK USA, INC. and
CENTURY THEATRES, INC.

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

NOV 14 2018

BY _____
BRENDA MATSUMURA, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| MADISON KLEINE, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>CINEMARK USA, INC., a Texas corporation; CENTURY THEATRES, INC., a California corporation; AND DOES THROUGH 10, inclusive,<br><br>    Defendants. | CASE NO. CIVDS1825602<br><br>**DEFENDANT CENTURY THEATRES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>Complaint Filed: September 28, 2018 |

DEFENDANT CENTURY THEATRES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

Defendant Century Theatres, Inc. ("Defendant") hereby answers, on behalf of itself and no other defendants, the unverified Complaint for Damages ("Complaint") filed by Plaintiff Madison Kleine ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to section 431.30 of California Code of Civil Procedure, Defendant denies, generally and specifically, each and every allegation set forth in the Complaint. Defendant further denies, generally and specifically, that Plaintiff has been injured in any sum therein alleged, and denies that Plaintiff is entitled to damages or any other relief whatsoever by reason of any act or omission on the part of Defendant.

Without waiving or excusing the burden of proof of Plaintiff, or admitting that Defendant has any burden of proof, Defendant hereby asserts the following affirmative or other defenses:

## FIRST DEFENSE
(Not The Employer)

1. All of Plaintiff's claims against Defendant are barred because Defendant was not Plaintiff's employer. Defendant has been improperly named as a defendant in this suit.

## SECOND DEFENSE
(Failure to State a Claim)

2. Plaintiff's Complaint, and each claim contained therein, fails to state facts sufficient to constitute a claim upon which relief can be granted.

## THIRD DEFENSE
(Failure to Exhaust Administrative Remedies)

3. Plaintiff's claims are barred in whole or in part because she failed to exhaust her administrative remedies.

## FOURTH DEFENSE
(Avoidable Consequences)

4. Defendant alleges, based on information and belief, that Plaintiff failed to take reasonable advantage of available procedures to prevent and correct any alleged discrimination,

harassment, and retaliation, and, therefore, Plaintiff's damages claims are barred, in whole or in part, by the avoidable consequences doctrine.

## FIFTH DEFENSE

(Failure to Mitigate Damages)

5. Plaintiff had a duty to take reasonable steps to mitigate and/or avoid her damages. To the extent Plaintiff failed to take such steps, she is barred in whole or in part from recovering damages in this action, if any.

## SIXTH DEFENSE

(Unjust Enrichment)

6. Plaintiff's claims are barred to the extent that any award in this action would constitute unjust enrichment.

## SEVENTH DEFENSE

(Legitimate, Non-Discriminatory Actions)

7. Any recovery on Plaintiff's Complaint is barred in whole or in part because the actions alleged to be taken with respect to Plaintiff, if any actions were taken at all, were undertaken for legitimate, non-discriminatory reasons and all actions taken by Defendant or its agents, if any actions were taken at all, were for good cause and not for any improper reason or motive.

## EIGHTH DEFENSE

(Discrimination, Retaliation and Harassment Prevention)

8. Defendant, at all relevant times herein, took all appropriate actions to prevent any discriminatory, harassing, or retaliatory conduct from occurring, thereby satisfying all legal obligations owed to Plaintiff, if any at all. Further, even if any unlawful conduct occurred, which Defendant denies, such conduct was prohibited by Defendant's policies and was not within the actual or constructive knowledge of higher management in Defendant's corporate structure nor was it committed, countenanced, ratified, or approved by higher management in Defendant's corporate structure.

///

2
DEFENDANT CENTURY THEATRES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

## NINTH DEFENSE

(Not Severe or Pervasive)

9. Plaintiff's claims are barred because the conduct alleged in the Complaint is not severe or pervasive and therefore cannot constitute harassment.

## TENTH DEFENSE

(Scope of Authority)

10. Any alleged unlawful conduct engaged in by the agents of Defendant upon which Plaintiff bases her claims, if it occurred at all, was done outside of the course and scope of such agents' authority. Plaintiff is barred from asserting any purported cause of action against Defendant based on this alleged conduct.

## ELEVENTH DEFENSE

(No Ratification)

11. Some or all of Plaintiff's claims are barred because Defendant had no notice of any allegedly discriminatory, harassing, or retaliatory conduct, nor any reason to know such conduct would occur. To the extent any alleged discriminatory conduct occurred, it was not authorized or ratified by Defendant, was conducted outside the course and scope of employment with Defendant, was in violation of Defendant's policies and procedures, and was directly contrary to Defendant's good faith efforts to comply with anti-discrimination, anti-harassment, and anti-retaliation laws.

## TWELFTH DEFENSE

(Waiver/Estoppel/Consent/Unclean Hands)

12. Some or all of Plaintiff's causes of action are barred to the extent Plaintiff has waived them by her actions, is estopped from advancing them, has consented to any of the matters alleged in the Complaint, and/or is barred by the unclean hands doctrine.

## THIRTEENTH DEFENSE

(Good Faith)

13. Some or all of Plaintiff's causes of action are barred because Defendant and its agents at all times acted reasonably and in good faith based on all relevant facts and circumstances known by Defendant at the time.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

### FOURTEENTH DEFENSE

(Same Decision/Mixed Motive)

14. Any recovery on Plaintiff's Complaint is barred, in whole or in part, because, to the extent Plaintiff engaged in any protected activity or any employment decision with respect to Plaintiff was partially motivated by discrimination, which Defendant denies, the same decisions or actions would have occurred for legitimate, independent reasons, even if Plaintiff had not engaged in any protected activity.

### FIFTEENTH DEFENSE

(After-Acquired Evidence Doctrine)

15. Defendant alleges, based on information and belief, that Plaintiff's Complaint is barred, in whole or in part, by the after-acquired evidence doctrine.

### SIXTEENTH DEFENSE

(Comparative Fault/Comparative Negligence)

16. Although Defendant denies that Plaintiff has been damaged in any way, if it should be determined that Plaintiff has been damaged, then Defendant alleges, based on information and belief, that the losses or damage sustained by Plaintiff were caused by the acts or omissions of Plaintiff and any loss or injury attributable to Defendant must be reduced by Plaintiff's comparative fault or negligence contributing to and proximately causing such damage.

### SEVENTEENTH DEFENSE

(Lack of Specific Malice)

17. Defendant lacked sufficient intent for the commission of the matters alleged in the Complaint and did not act with any specific malice, fraud, oppression or ill intent towards Plaintiff.

### EIGHTEENTH DEFENSE

(Prompt Corrective Action)

18. Defendant alleges, based on information and belief, that it exercised reasonable care to investigate, prevent and promptly correct any allegedly harassing or retaliatory behavior, to the extent that it occurred and Plaintiff complained to Defendant about it.

### NINETEENTH DEFENSE

(No Proximate Causation)

19. Plaintiff's damages, if any, were not proximately caused by any unlawful policy, custom, practice, and/or procedure promulgated and/or tolerated by Defendant.

### TWENTIETH DEFENSE

(Preemption/Worker's Compensation Exclusivity)

20. Some or all of Plaintiff's claims are barred because said claims are preempted by federal and/or state law, including, but not limited to, California's Workers' Compensation Act, Labor Code Section 3200, *et seq*.

### TWENTY-FIRST DEFENSE

(No Punitive Damages or Attorneys' Fees)

21. Plaintiff has failed to allege or prove facts sufficient to allow recovery of punitive/exemplary damages or attorneys' fees against Defendant.

### TWENTY-SECOND DEFENSE

(Punitive Damages Unconstitutional)

22. An award of punitive damages would be an unconstitutional denial of Defendant's rights to due process and/or equal protection under the Fifth and Fourteenth Amendments to the United States Constitution and Articles I and IV of the California Constitution.

### TWENTY-THIRD DEFENSE

(Additional Defenses)

23. Defendant presently has insufficient knowledge and/or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. Defendant reserves the right to assert additional defenses if discovery indicates that such additional defenses would be appropriate.

///

///

///

## **PRAYER**

WHEREFORE, Defendant prays for judgment as follows:

1. That all relief requested in the Complaint be denied;
2. That Plaintiff take nothing by this action;
3. That Defendant be awarded the costs of suit incurred herein;
4. That Defendant be awarded its attorneys' fees according to proof; and
5. That the Court award Defendant such other and further relief as the Court may deem proper.

DATED: November 14, 2018

HUNTON ANDREWS KURTH LLP

By: _____
EMILY BURKHARDT VICENTE
SONYA GOODWIN
Attorneys for Defendant
CENTURY THEATRES, INC.

**CERTIFICATE OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to this action. My business address is 550 South Hope Street, Suite 2000, Los Angeles, California 90071-2627.

On **November 14, 2018**, I served the following interested parties in this action with the foregoing document(s) described as:

**DEFENDANT CENTURY THEATRES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES**

☑ **By MAIL:** by placing true and correct copy(ies) thereof in an envelope addressed to the attorney(s) of record, addressed as stated above.

☐ **By PERSONAL SERVICE:** I delivered the envelope by hand on the addressee, addressed as stated above.

☐ **By OVERNIGHT MAIL:** by overnight courier, I arranged for the above-referenced document(s) to be delivered to an authorized overnight courier service for delivery to the addressee(s) above, in an envelope or package designated by the overnight courier service with delivery fees paid or provided for.

☐ **By ELECTRONIC MAIL:** by causing a true and correct copy thereof to be transmitted electronically to the attorney(s) of record at the e-mail address(es) indicated below:

David P. Myers
Ann Hendrix
John M. Tomberlin, Jr.
THE MYERS LAW GROUP, A.P.C.
9327 Fairway View Place, Ste. 100
Rancho Cucamonga, CA 91730

*Attorney for Plaintiff Madison Kleine*

Tel: 909.919.2027
Fax: 888.375.21.02

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **November 14, 2018**, at Los Angeles, California

Connie Torres

074158.0000055 EMF_US 71373172v5

1

DEFENDANT CENTURY THEATRES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES