# EXHIBIT C

JVR No. 1701110052, 2016 WL 7911666 (Cal.Super.) (Verdict and Settlement Summary)

Copyright (c) 2018 Thomson Reuters/West
Superior Court, Los Angeles County, California.

JOAN A. v. TOP INDUSTRIAL INC.; SHOUSHANI

BC571653
DATE OF FILING: February 05, 2015
DATE OF TRIAL/SETTLEMENT: October 28, 2016

**SUMMARY**
**Outcome: Plaintiff Verdict**
**Total: $1,314,058**

**Related Court Documents:**
Plaintiff's trial brief: 2016 WL 7655171

Joint statement of the case: 2016 WL 7655168

Trial order: 2016 WL 7659520

Judgment on jury verdict: 2016 WL 7659520


**EXPERT-WITNESSES:**
**ATTORNEY:**
Plaintiff:
Mark Joseph Valencia, Valencia & Cywinska, Los Angeles, CA
Izabela Cywinska Valencia, Valencia & Cywinska, Los Angeles, CA
Defendant:
Al M. De La Cruz, Manning & Kass, Ellrod, Ramirez, Trester L.L.P., San Diego, CA

JUDGE: Deirdre Hill

RANGE AMOUNT: $1,000,000 - 1,999,999
STATE: California
COUNTY: Los Angeles

**SUMMARY**
**PLAINTIFF:**
Sex: F

Age: Adult

General Occupation: General Laborer


**DEFENDANT:**
Sex: O

Organization Type: Top Industrial Inc.

Sex: M

Age: Adult

General Occupation: Middle Manager

Organization Type: Shoushani

**DAMAGES:**
Compensatory Pain & Suffering: $1,000,000

Compensatory Past Medical: $2,500

Compensatory Future Medical: $49,110

Compensatory Past Wages: $74,315

Compensatory Future Wages: $63,133

Total Compensatory Award: $1,189,058

Punitive Damages: $125,000

**ADVERSE ACTION**
Closer Supervision: false

Constructive Discharge: true

Demotion: false

Denial Tenure: false

Failure Accomodate: false

Failure Grant Leave: false

Failure Hire: false

Failure Promote: false

Suspension: false

Sexual Harassment: true

Harassment: true

Hostile Work Env: true

Isolation: false

Lay Off: false

Loss Benefits: false

Loss Pay: false

Loss Seniority: false

Negative Eval: false

Negative Reference: false

Pay Increase Denial: false

Reassignment: false

Reduction Pay: false

Reprimands: false

Restrictions: false

Termination: false

**Entity Type: General Business Entity**
**STATUTES**
**Primary Specific Statute**
Primary Name: State

**Primary General Statute**
**Primary Name: Sexual Harassment**
Primary General Statute Discrimination: false

Comparative Negligence Percentage: 0

**FACTS:**
Joan A. sued Top Industrial Inc. and Top Industrial's president Shahram Shoushani for sexual harassment, sexual battery and constructive discharge. The plaintiff contended Shoushani, who was her supervisor, engaged in sexual harassment and battery against her when he made harmful and offensive contact to her groin, buttocks and breasts without her consent. She asserted that one or more officers, directors, or managing agents of the company, while acting on behalf of Top Industrial knew of the harassing conduct, but failed to take corrective action. Furthermore, she argued that they adopted or approved of Shoushani's behavior after it occurred, and that this negligence was a substantial factor

in causing her harm, which constituted malice and/or oppression and entitled her to punitive damages. The plaintiff also contended that as a result of the hostile work environment created by Shoushani's conduct and the company's failure to stop the conduct, she was forced to resign. The defendants denied negligence, and denied that the plaintiff was either sexually battered or sexually harassed in any way. The defendants also claimed that the plaintiff's own negligence was a substantial factor in causing her claimed injuries. The jury concluded Top Industrial was 30 percent negligent, and Shoushani 50 percent negligent. Although the jury found the plaintiff to be 20 percent negligent, it awarded her $1,189,058 in compensatory damages from both defendants. The plaintiff was also awarded $100,000 in punitive damages from Shoushani, and $25,000 in punitive damages from Top Industrial.

Jury Verdict Research
COURT: Superior

**End of Document**  © 2018 Thomson Reuters. No claim to original U.S. Government Works.

JVR No. 1708170006, 2017 WL 3531353 (Cal.Super.) (Verdict and Settlement Summary)

Copyright (c) 2018 Thomson Reuters/West
Superior Court, Los Angeles County, California.

OLIVAS-DEAN v. AMERICAN MEIZHOU DONGPO GROUP INC.; YANG; HERNANDEZ

BC581538
DATE OF INCIDENT: November 30, 2014
DATE OF FILING: May 12, 2015
DATE OF TRIAL/SETTLEMENT: April 24, 2017

**SUMMARY**
**Outcome: Plaintiff Verdict**
**Total: $350,000**

**Related Court Documents:**
Defendants' memorandum in support of motion for summary judgment: 2016 WL 7496552

Plaintiff's memorandum opposing defendants' motion for summary judgment: 2016 WL 7496551

Order on defendants' motion for summary judgment: 2016 WL 7484850

Defendants' memorandum in support of motion for summary adjudication: 2016 WL 9275958

Plaintiff's memorandum opposing defendants' motion for summary adjudication: 2017 WL 2909610

Order on defendants' motion for summary adjudication: 2017 WL 2909305

Joint statement of the case: 2017 WL 2909675

Verdict form 1 (claims against defendant American Meizhou Dongpo Group): 2017 WL 2909430

Verdict form 2 (claims against defendants Yang and Hernandez): 2017 WL 2909422

Verdict (punitive damages): 2017 WL 2909431

**EXPERT-WITNESSES:**
**ATTORNEY:**
Plaintiff:
Geoffrey C. Lyon, Lyon Law P.C., Long Beach, CA
Defendant:
Jeffrey C.P. Wang, WHGC Law P.L.C., Newport Beach, CA
Kathleen E. Alparce, WHGC Law P.L.C., Newport Beach, CA
W. Jeffrey Burch, WHGC Law P.L.C., Newport Beach, CA

JUDGE: Frederick C. Shaller

RANGE AMOUNT: $200,000 - 499,999
STATE: California
COUNTY: Los Angeles

**SUMMARY**
**PLAINTIFF:**
Sex: M

Age: Adult

General Occupation: Food Service Worker

**DEFENDANT:**
Sex: O

General Occupation: Restaurant, Nightclub or Tavern

Organization Type: American Meizhou Dongpo Group Inc.

Sex: M

Age: Adult

General Occupation: Middle Manager

Organization Type: Yang

Sex: M

Age: Adult

General Occupation: Middle Manager

Organization Type: Hernandez

**DAMAGES:**
Compensatory Pain & Suffering: $20,000

Compensatory Past Wages: $80,000

Total Compensatory Award: $100,000

Punitive Damages: $250,000

**ADVERSE ACTION**
Closer Supervision: false

Constructive Discharge: false

Demotion: false

Denial Tenure: false

Failure Accomodate: true

Failure Grant Leave: false

Failure Hire: false

Failure Promote: false

Suspension: false

Sexual Harassment: true

Harassment: true

Hostile Work Env: true

Isolation: false

Lay Off: false

Loss Benefits: false

Loss Pay: true

Loss Seniority: false

Negative Eval: false

Negative Reference: false

Pay Increase Denial: false

Reassignment: false

Reduction Pay: false

Reprimands: false

Restrictions: false

Termination: true

**Entity Type: Service/Retail Company**

Case 5:18-cv-02425-DMG-SHK Document 1-3 Filed 11/15/18 Page 9 of 10 Page ID #:83

OLIVAS-DEAN V. AMERICAN MEIZHOU DONGPO GROUP..., JVR No. 1706170036...

**STATUTES**
**Primary Specific Statute**
Primary Name: State

**Primary General Statute**
**Primary Name: Sexual Harassment**
Primary General Statute Discrimination: false

Specific Statute: State

**General Statute: Sex Discrimination**
General Statute Discrimination: true

Specific Statute: State

**General Statute: Sexual Orientation Discrimination**
General Statute Discrimination: true

Specific Statute: State

**General Statute: Disability Discrimination**
General Statute Discrimination: true

Specific Statute: General

**General Statute: Retaliation**
General Statute Discrimination: false

Specific Statute: General

**General Statute: Wrongful Termination**
General Statute Discrimination: false

Comparative Negligence Percentage: 0

**FACTS:**
Tony Olivas-Dean, a server, sued American Meizhou Dongpo Group, Inc., and managers Frank Yang and Pablo Hernandez for sexual harassment and discrimination based on his gender and sexual orientation, under Cal. Gov't Code Secs. 12940(j) and 12940(a), as well as disability discrimination, under Cal. Gov't Code Secs. 12940(a), 12940(m) and 12940(n), retaliation, wrongful termination, and battery under the California Fair Employment and Housing Act (FEHA). The plaintiff claimed Hernandez harassed him because of his sex and sexual orientation by telling him he had 'pretty eyes' and making suggestive comments, pressing his crotch against his backside, pinching and grabbing him, and giving him unwanted massages. Olivas-Dean asserted after he complained about the sexual harassment, Hernandez allegedly began attributing other employees' errors to him, gave his tables to other servers, sent him home early, cut

Case 5:18-cv-02425-DMG-SHK   Document 1-3   Filed 11/15/18   Page 10 of 10   Page ID #:84

OLIVAS-DEAN V. AMERICAN MEIZHOU DONGPO GROUP..., JVR No. 1708170006...

his shifts, and forced him to give excessive tips to other employees. He claimed after Hernandez directed him to move and clean heavy stone and steel tables, he suffered a back injury and ligament damage to his wrist and ankle, that he reported his injuries to Hernandez and Yang, but they allegedly refused his request for light duty that would not aggravate his injuries. He alleged in August 2014, Yang ran his fingers through his hair in a sexual manner, asked him out to dinner, offered to make him drinks, pinched his hips, and held his hand. Olivas-Dean said after he indicated he was not interested, Yang reportedly assigned him less desirable sections, yelled at him, gave away his assigned tables, and sent him home early. The plaintiff asserted after he filed complaints with the Equal Employment Opportunity Commission and Department of Fair Employment and Housing, Yang allegedly yelled at him in front of customers about 'trying to sue them.' The plaintiff argued that after he contacted a workers' compensation attorney about his work-related injuries and disabilities, Yang refused to allow him to add more tables to his section, yelled at him, and then fired him. The defendants denied the claims and argued that they terminated the plaintiff for allegedly making false statements on his employment application, failed to disclose that he was terminated from one job for harassing other employees, and fired from at least three other jobs. Moreover, they argued that they fired the plaintiff for being so loud that customers complained, getting into conflicts with other employees, and yelling and becoming abusive with an assistant manager. The jury found for the plaintiff on his claims for wrongful termination and failure to prevent discrimination or retaliation against American Meizhou Dongpo Group and awarded him $80,000 for past lost earnings, $20,000 for past mental and emotional suffering, and $250,000 in punitive damages.

Jury Verdict Research
COURT: Superior

End of Document

© 2018 Thomson Reuters. No claim to original U.S. Government Works.