**HUNTON ANDREWS KURTH LLP**
EMILY BURKHARDT VICENTE (State Bar No. 263990)
ebvicente@HuntonAK.com
SONYA D. GOODWIN (State Bar No. 281005)
sgoodwin@HuntonAK.com
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone: 213 • 532 • 2000
Facsimile: 213 • 532 • 2020

Attorneys for Defendants
CINEMARK USA, INC. and
CENTURY THEATRES, INC.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

MADISON KLEINE, an individual,

Plaintiff,

vs.

CINEMARK USA, INC., a Texas corporation; CENTURY THEATRES, INC., a California corporation; and DOES 1 THROUGH 10, inclusive

Defendants.

Case No.: 5:18-CV-02425 DMG (SHKx)

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DROP FRAUDULENTLY JOINED DEFENDANT CENTURY THEATRES, INC. UNDER FED. R. CIV. P. 21; MEMORANDUM OF POINTS AND AUTHORITY IN SUPPORT**

Complaint Filed: September 28, 2018

Hearing Date: January 4, 2019
Hearing Time: 9:30 a.m.
Judicial Officer: Hon. Dolly M. Gee

[*Declaration of Sonya D. Goodwin; Declaration of Scott Green filed concurrently herewith*]

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

**TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on January 4, 2019, at 9:30 a.m. in Courtroom 8C/8th Floor of the above-captioned Court located at 350 West 1st Street, Los Angeles, CA 90012, Defendants Cinemark USA, Inc. ("Cinemark") and Century Theatres, Inc. ("Century") will, and hereby do, move the Court for an order dismissing Century from this action pursuant to Rule 21 of the Federal Rules of Civil Procedure.

This Motion is based upon the ground that Plaintiff has no viable claims against Century and Century is improperly joined solely for purposes of defeating diversity jurisdiction. Century should be dropped from the instant action because there is no factual basis for alleging a connection between Plaintiff's employment with Cinemark USA, Inc. or her employment-related claims asserted in this action and Century Theatres, Inc. Plaintiff was employed solely by Cinemark, the individuals she accuses of wrongdoing also were employed by Cinemark, not Century, and the theatre at which she worked was owned and operated by Cinemark, not Century. Plaintiff cannot plead a viable cause of action against Century based on the facts alleged in the Complaint because only Cinemark, not Century, was Plaintiff's employer. This Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Scott Green, all pleadings and papers in the Court's file, and upon such oral argument as may be made at the hearing on the Motion.

Pursuant to Central District of California Rule L.R. 7-3, this motion is made following the conference of counsel which took place on November 27, 2018. Declaration of Sonya D. Goodwin at ¶ 2.

DATED: December 3, 2018

**HUNTON ANDREWS KURTH LLP**

By: /s/ Emily Burkhardt Vicente
Emily Burkhardt Vicente
Sonya Goodwin
Attorneys for Defendants
CINEMARK USA, INC. and
CENTURY THEATRES, INC.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Madison Kleine ("Plaintiff") sued her former employer Cinemark USA, Inc. ("Cinemark") in California state court for various violations of the Fair Employment and Housing Act ("FEHA") and for wrongful termination. Presumably for the purpose of avoiding diversity jurisdiction, Plaintiff also improperly named Century Theatres, Inc., a California corporation ("Century"). Century, however, has and has had nothing whatsoever to do with Plaintiff's employment and none of Plaintiff's employment-related claims may be maintained against Century. Cinemark has removed this action under 28 U.S.C. § 1332 (Diversity Jurisdiction), demonstrating that Century was fraudulently joined as a defendant in this action. (Dkt. # 1.) Cinemark and Century now request that the Court drop Century from this action under Federal Rule of Civil Procedure 21. FED. R. CIV. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party."). Defendants request dismissal be granted without leave to amend, as amendment would be futile.

## II. STATEMENT OF FACTS

In approximately October 2006, Cinemark acquired Century Theatres, Inc., including theaters Century operated in California prior to that acquisition. (Declaration of Scott Green ("Green Decl.") at ¶ 5.) Theaters that Cinemark acquired through the Century-acquisition continue to do business under the Century Theatres brand name. (*Id.*) Cinemark, however, has opened other theaters since the Century acquisition, which are wholly owned and operated by Cinemark and that are not owned by and do not operate or do business under a Century name. (*Id.* at ¶¶ 6-7.) One such theater is the Cinemark Jess Ranch theater (#1042), located at 18935 Bear Valley Road, Apple Valley, CA 92308 (the "Jess Ranch theater").

The Jess Ranch theater opened for business on May 1, 2009. (Green Decl. ¶ 6.) It is wholly owned and operated by Cinemark and is branded as a Cinemark theater. (*Id.*; *see* https://www.cinemark.com/southern-california/cinemark-jess-

ranch#theatreInfo.) The Jess Ranch theater has never been owned or operated by Century, nor has it ever been branded as a Century theater. (Green Decl. ¶ 7.) Further, since it was opened by Cinemark (not Century), the Jess Ranch theater building has always been leased by Cinemark. (Green Decl. ¶ 8 and Decl. Ex. 1 (redacted excerpts of lease).)

All employees who work (or have worked) at the Jess Ranch theater are employed by Cinemark. (*Id.* ¶ 9.) None of the employees assigned to the Jess Ranch theater are employed by Century. (*Id.*) Plaintiff was hired by Cinemark and worked at the Jess Ranch theater from approximately March 2, 2016 until October 5, 2017. (Compl. ¶ 9; Green Decl. ¶ 11.) During Plaintiff's employment with Cinemark, she was never employed by Century. (Green Decl. ¶ 9.) Cinemark was the only entity that paid her wages, maintained her personnel file, and whose name appears on Plaintiff's employment-related documents. (*Id.* ¶ 12.) Further, every individual mentioned in Plaintiff's Complaint whose alleged conduct gives rise to Plaintiff's claims, is or was an employee of Cinemark, not Century. (*See id.*)

## III. ARGUMENT AND AUTHORITIES

### A. Legal Standard

Rule 21, entitled "Misjoinder and Nonjoinder of Parties," enables a defendant to move to drop a party from an action under the doctrine of fraudulent joinder. *Xenakis v. Time Ins. Co.*, 2008 WL 5397156 (C.D. Cal. Oct. 30, 2008); *see also Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980). Fraudulent joinder exists when there is either (1) actual fraud in the pleading of jurisdictional facts, or (2) an inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009); *see also Higley v. Cessna Aircraft Co.*, 2010 WL 3184516, at *1 (C.D. Cal. July 21, 2010) (defendant fraudulently joined when "plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state"). In determining whether a removed claim is viable, courts typically "look only

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

to a plaintiff's pleadings[.]" *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). However, where fraudulent joinder is an issue, "'[t]he defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent.'" *Id.* (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)); *see also Ross v. Morgan Stanley Smith Barney, LLC*, 2013 WL 865598, at *3 (C.D. Cal. Mar. 7, 2013) (in determining whether fraudulent joinder exists, district courts "may 'pierce the pleadings' and consider summary-judgment-type evidence").

Rule 21 of the Federal Rules of Civil Procedure provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party."[1] Fed. R. Civ. P. 21; *Sams*, 625 F.2d at 277 (remanding for consideration of whether defendant should be dismissed under Rule 21). If the court finds that joinder is fraudulent, "the defendant may be dismissed from the action under Rule 21." *Maffei v. Allstate California Ins. Co.,* 412 F. Supp. 2d 1049, 1053 (E.D. Cal. 2006); *see also Kruso v. International Telephone & Telegraph Corp.*, 872 F.2d 1416, 1427 (9th Cir. 1989) (dropping fraudulently joined defendants because claim could not be maintained against them as they were not parties to contract at issue); *Ambrosini v. Universal Cable Holdings, Inc.*, No. CV 14-00896 RS, 2014 WL 3362244, at *4 (N.D. Cal. July 7, 2014) (dismissing fraudulently joined individual defendants because claims could only be asserted against the plaintiff's employer not supervisors under California law and denying motion to remand); *Gasnik v. State Farm Ins. Co.,* 825 F. Supp. 245, 249 (E.D. Cal. 1992) (dismissing two defendants after determining they had been fraudulently joined because they could not be liable under settled law).

---

[1] Century is not a required party under Rule 19 because the Court can accord complete relief among the remaining parties (Cinemark and Plaintiff), and Century does not claim an interest in the action.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

### B. Century Is A Fraudulently Joined Defendant And Should Be Dismissed From This Action.

Plaintiff's claims in this case arise entirely from her employment with Cinemark. The Complaint alleges wrongful termination of employment (Compl. ¶¶ 42-47), but Plaintiff was employed by Cinemark, not Century. (Green Decl. ¶¶ 9, 11.) The Complaint alleges Plaintiff was sexually harassed by Nicholas Stoner, Plaintiff's co-worker at the Jess Ranch theater (Compl. ¶¶ 10, 20-27), but all employees at the Jess Ranch theater were employed by Cinemark, not Century. (Green Decl. ¶ 9.) The Complaint alleges Plaintiff complained about Stoner's behavior to the Jess Ranch theater's General Manager Scott Green and suffered retaliation following her complaint (Compl. ¶¶ 12-17, 28-34), but Green and each of the managers mentioned in the Complaint were employees of Cinemark, not Century. (Green Decl. ¶¶ 3, 9.) The Complaint alleges failure to prevent harassment and retaliation (Compl. ¶¶ 35-41), but the duty to protect employees from harassment and retaliation falls on the employer and Plaintiff was employed by Cinemark, not Century. (Green Decl. ¶¶ 9, 11.)

It is well settled that Plaintiff's claims each depend upon a finding that the defendant was Plaintiff's employer. *See Vernon v. State*, 116 Cal. App. 4th 114, 123 (2004); *Weinbaum v. Goldfarb, Whitman & Cohen*, 46 Cal. App. 4th 1310, 1317 (1996). However, Century was not Plaintiff's employer at any time. Century did not own, lease or operate the Cinemark Jess Ranch theater, did not hire Plaintiff, did not pay her wages, and did not employ any of the other employees who worked at the Jess Ranch theater, including those that she claims engaged in discriminatory or other wrongful conduct toward her. (Green Decl. ¶¶ 6, 8-9, 11.) Documents signed by Plaintiff during her employment and her wage statements also show that Plaintiff was employed by Cinemark, not Century. (*Id.* ¶ 12.) Century, therefore, was not Plaintiff's employer. *See Vernon*, 116 Cal. App. 4th at 129-30 (employee-employer relationship is dependent on several factors including location of work, payment of

wages, and the ability to hire or fire). Because Century never was Plaintiff's employer and had no ownership or operational involvement in the Jess Ranch theater where Plaintiff worked, and did not employ any of the individuals that Plaintiff claims engaged in wrongful conduct toward her, Plaintiff cannot establish a cause of action against Century for conduct arising from Plaintiff's employment.

**1. Plaintiff cannot establish a viable cause of action against Century for sexual harassment/hostile work environment.**

To state a claim for hostile work environment under the Fair Housing and Employment Act ("FEHA"), a plaintiff must allege that (1) she was a member of a protected class; (2) she was subjected to unwelcome harassment; (3) the harassment was based on a protected characteristic; (4) the harassment unreasonably interfered with her work performance by creating an intimidating, hostile, or offensive work environment; and (5) the defendant is liable for the harassment. *See Fisher v. San Pedro Peninsula Hosp.*, 214 Cal. App. 3d 590, 608 (1989). Only an employer can be held liable for a claim brought under the FEHA, including claims of sexual harassment. *See Vernon*, 116 Cal. App. 4th at 123 ("The FEHA predicates potential 'liability on the status of the defendant as an employer.'").

Here, Plaintiff alleges that Defendant Century, its agents or employees engaged in a pattern or practice of unlawful sexual harassment in violation of the FEHA and the harassment was sufficiently severe to create a hostile work environment. (Compl. ¶¶ 22-23.) Plaintiff cannot state a claim against Century for sexual harassment and hostile work environment, however, because Century did not own or operate the theater at which Plaintiff worked, did not pay Plaintiff's wages and did not have the authority to hire or fire Plaintiff. (Green Decl. ¶¶ 11-13.) In addition, Century did not employ any of the individuals at the Jess Ranch theater who Plaintiff contends engaged in wrongful conduct toward her. All of the employees of the Jess Ranch theater were employees of Cinemark. (*Id.* ¶ 9.) Accordingly, Plaintiff cannot show

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

that Century was her employer and that Century is liable for any alleged harassment. Thus, Plaintiff cannot establish this cause of action against Century.

**2. Plaintiff cannot establish a viable cause of action against Century for retaliation.**

To establish a prima facie case of retaliation in violation of the FEHA, a plaintiff must show (a) she engaged in protected activity; (b) she was subjected to an adverse employment action; and (c) a causal connection exists between the protected activity and the adverse employment action. *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042 (2005). Only an employer can be held liable for a claim brought under the FEHA, including claims of retaliation. *See Vernon*, 116 Cal. App. 4th at 123.

Here, Plaintiff alleges that in August 2017 and September 2017, she complained to managers at the Jess Ranch theater about alleged sexual harassment. (Compl. ¶¶ 12,15-16.) Plaintiff alleges that Century retaliated against her by "refusing to change the schedule, demoting her, and constructively terminating Plaintiff." (Compl. ¶ 30.) Plaintiff cannot state a claim against Century for retaliation, however, because the other employees at the Jess Ranch theater that Plaintiff contends retaliated against her through these alleged actions also were employees only of Cinemark and not Century. (Id. ¶ 9). Further, Century did not own or operate the theater where Plaintiff worked, and did not pay Plaintiff's wages. (Green Decl. ¶ 11-13.) Thus, Century was not Plaintiff's employer and could not have taken an adverse employment action against Plaintiff.

**3. Plaintiff cannot establish a viable cause of action against Century for failure to prevent harassment and retaliation.**

In order to establish a claim for failure to prevent sexual harassment and retaliation, a plaintiff must first establish a claim for sexual harassment and retaliation. *Dickson v. Burke Williams, Inc.*, 234 Cal. App. 4th 1307, 1316 (2015), *as modified on denial of reh'g* (Mar. 24, 2015) ("there can be no claim for failure to take reasonable steps necessary to prevent sexual harassment when an essential element of sexual

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

harassment liability has not been established."). In other words, Century cannot be liable for failing to prevent sexual harassment or retaliation that it never had any part in.

Here, Plaintiff's cause of action for failure to prevent sexual harassment and retaliation is premised on her first and second causes of action for sexual harassment/hostile work environment and retaliation. Plaintiff cannot state a claim against Century for failure to prevent sexual harassment and retaliation because Plaintiff cannot establish her underlying claims against Century, as discussed above. Consequently, because Plaintiff cannot state a claim against Century for sexual harassment or retaliation, she also cannot state a claim against Century for failure to prevent sexual harassment and retaliation.

**4. Plaintiff cannot establish a viable cause of action against Century for wrongful termination in violation of public policy.**

To state a claim for wrongful discharge in violation of public policy, a plaintiff must plead (1) a termination or other adverse employment action; (2) the termination or other action was a violation of a fundamental public policy, as expressed in a constitutional, statutory, or regulatory provision; and (3) a nexus between the adverse action and the employee's protected status or activity. *Yanowitz*, 36 Cal. 4th at 1042. Because wrongful termination arises from the employee-employer relationship, a non-employer is "legally incapable of committing the tort of wrongful discharge in violation of public policy." *Weinbaum*, 46 Cal. App. 4th at 1317.

Here, Plaintiff alleges that Century's allowance of sexual harassment and retaliation "constructively discharged Plaintiff's employment." (Compl. ¶ 43.) However, Plaintiff has not alleged and cannot allege that Century terminated or had any control over Plaintiff's alleged constructive termination. Century did not own or operate the Cinemark Jess Ranch theater where Plaintiff worked, did not pay Plaintiff's wages, did not have the authority to hire or fire Plaintiff and thus, was not Plaintiff's employer. (Green Decl. ¶ 11-13.) Century also did not employ the other

employees at the Jess Ranch theater that Plaintiff contends constructively terminated her employment. (*Id.* ¶ 9.) Thus, Plaintiff cannot establish this cause of action against Century.

**5. Plaintiff cannot establish a viable cause of action for declaratory relief under Cal. Govt. Code § 12921.**

Plaintiff's fifth cause of action seeks declaratory relief as to her rights under Govt. Code § 12921(a) as to her first four causes of action. (Compl. ¶¶48-55.) As discussed above, Plaintiff cannot establish her first four causes of action against Century because it is not Plaintiff's employer. Thus, there is no viable cause of action against Century for declaratory relief.

## IV. CONCLUSION

For each of the foregoing reasons, and the reasons stated in Cinemark's Notice of Removal, Defendants respectfully request that the Court grant this motion to drop Century as a party without leave to amend pursuant to Rule 21 of the Federal Rules of Civil Procedure because Plaintiff cannot establish a viable cause of action against Century in this case.

DATED: December 3, 2018

**HUNTON ANDREWS KURTH LLP**

By: /s/ Emily Burkhardt Vicente
Emily Burkhardt Vicente
Sonya Goodwin
Attorneys for Defendants
CINEMARK USA, INC. and
CENTURY THEATRES, INC.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627