David P. Myers (SBN 206137)
Ann Hendrix (SBN 258285)
John M. Tomberlin, Jr. (SBN 310435)
**THE MYERS LAW GROUP, A.P.C.**
9327 Fairway View Place, Ste. 100
Rancho Cucamonga, CA 91730
Telephone: (909) 919-2027
Facsimile: (888) 375-2102

Attorneys for Madison Kleine

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MADISON KLEINE, an individual,<br>　　　　Plaintiff,<br>vs.<br><br>CINEMARK USA, INC., a Texas Corporation; CENTURY THEATRES, INC., a California Corporation; NICHOLAS STONER, an individual; and DOES 1 THROUGH 10, inclusive<br>　　　　Defendants. | **CASE NO: 5:18-cv-02425-DMG-SHK**<br><br>**FIRST AMENDED COMPLAINT**<br>(Per FRCP 15(a))<br>1. **SEXUAL HARASSMENT, HOSTILE WORK ENVIRONMENT**<br>2. **RETALIATION**<br>3. **FAILURE TO PREVENT HARASSMENT AND RETALIATION**<br>4. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**<br>5. **VIOLATION OF EMPLOYMENT WITHOUT DISCRIMINATION; REQUESTING FOR DECLARATORY RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

Madison Kleine ("Plaintiff") brings her Amended Complaint against Cinemark USA, Inc., Nicholas Stoner, and yet unnamed Defendants (hereafter collectively "Defendants") alleging, among other things, violations of the California Fair Employment and Housing Act. Plaintiff seeks damages, attorneys' fees and costs of suit. Plaintiff anticipates moving for remand after meeting and conferring.

FIRST AMENDED COMPLAINT
- 1 -

## GENERAL ALLEGATIONS

1. This action was properly filed in San Bernardino County as it is where Defendants do business or reside and where their obligations and liability arise.

2. Plaintiff is Defendant Cinemark USA, Inc.'s (hereafter "Cinemark") former employee and a resident of San Bernardino County, California.

3. Cinemark is a Texas Corporation, registered to do business in California, and doing business in San Bernardino County, California.

4. Nicholas Stoner (hereafter "Stoner") is a California resident, believed to reside in Apple Valley, California in San Bernardino County, California.

5. The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 to 10 are unknown to Plaintiff, who therefore sues them by fictitious names. Plaintiff will amend her complaint to show their true names and capacities as ascertained.

6. On information and belief, each of the acts and omissions alleged were performed by, or are attributable to, all Defendants, each acting as agents or employees, or under the direction and control of each other defendant, and the acts or failures to act were within the course and scope of agency, employment, or direction and control. (In these pleadings, the word 'or' between two or more alternatives shall not implying mutual exclusivity unless it is preceded by the word 'either'). At all relevant times, Defendants were and are each other's agents.

7. Defendants operated as a joint employer or integrated enterprise with another defendant or other defendants, and each defendant is jointly and severally liable as an employer. If any defendant acted as an alter ego of another defendant or defendants such that there is or was such a unity and identity of interest between or among each defendant that adherence to the legal fiction of separate existence would, under the particular circumstances that exist or existed, would sanction fraud or promote injustice, it would be an inequitable result to fail to disregard any such separateness of legal personality.

8. On information and belief, Defendants DOES 1 through 10 are the partners, owners, shareholders, or managers of Defendant Employer, and were acting on behalf of Defendant Employer in the payment of wages to Plaintiff.

**FACTS COMMON TO MORE THAN ONE CAUSE OF ACTION**

9. Defendants employed Plaintiff from on about March 2, 2016, until Plaintiff was forced to resign on or about October 5, 2017. Plaintiff was hired as an usher and had been promoted to shift leader by the time of her forced resignation.

10. On about May 31, 2017, Defendants hired Nicholas Stoner as an usher. Defendants regularly scheduled Stoner to work with Plaintiff. Stoner regularly engaged in conduct at work making Plaintiff uncomfortable and anxious, including but not limited to: Stoner telling Plaintiff he only likes female company - especially her company; commenting to Plaintiff about pornographic films; watching Plaintiff or staring at her while she worked; interrupting Plaintiff while she was helping customers to ask her non-work related questions; trying to stand very close to Plaintiff; trying to touch Plaintiff on her shoulders, her back, or her hair; following Plaintiff out to her car in the parking lot; standing outside her car and watching Plaintiff while she took breaks in her car; and following her around at work. More than once, Plaintiff asked Stoner to stop his behavior and tried to avoid interacting with him. Plaintiff felt she could only escape Stoner in the women's restroom.

11. In early August 2017, Plaintiff told her manager, Austin Hunt, Stoner's behavior was making her anxious and uncomfortable, and Stoner continued to harass her even though she had asked him to stop repeatedly. Hunt told Plaintiff she should go to the general manager, Scott Green, to complain about Stoner.

12. On about August 5, 2017, Plaintiff complained to Green about Stoner. Plaintiff met Green in his office, and she believes Green document her complaints on his computer. At the meeting, Plaintiff requested she and Stoner no longer be scheduled on the same shifts because of his behavior and it making her feel uncomfortable, anxious, and unsafe.

13. After the meeting with Green, Defendants continued scheduling Plaintiff and Stoner on the same shifts.

14. In about September 2017, Plaintiff complained to Green again about Stoner. Plaintiff complained Defendants continued scheduling she and Stoner to the same shifts despite her complaints about him, that Stoner's behavior had not changed, and he continued to make her feel unsafe at work.

15. On about September 30, 2017, while Plaintiff was training a co-worker and working with customers, Plaintiff asked to speak privately with a senior manager, Patty Ann Fiore, who was in charge of scheduling. Plaintiff wanted to speak with Fiore about not being scheduled with Stoner. When Plaintiff initiated the conversation, Fiore interrupted that she knew what Plaintiff was going to request and the answer was "no." Plaintiff again told Fiore she would like to talk about it privately. Fiore refused to speak privately with Plaintiff, so Plaintiff had to explain, in front of customers and coworkers, that she had requested a schedule change because she no longer felt safe or comfortable at work. Fiore responded with words to the effect that the request was still denied and Plaintiff's safety was not Fiore's concern with scheduling.

16. On about September 30, 2017, following her shift, Plaintiff complained to her manager, Furtado, about her conversation with Fiore, that Fiore refused to change the schedule, and that Plaintiff did not feel safe working with Stoner. Furtado told Plaintiff to make a complaint to corporate about the situation. Plaintiff explained she would not make a complaint to corporate because she feared she would be retaliated against for going above local management.

17. On about October 5, 2017, Fiore called Plaintiff to inform her that her Saturday shift would be changed to accommodate her requests not to work with Stoner. The changed shift was a less desirable shift and a demotion.

18. On about October 5, 2017, Plaintiff submitted her letter of resignation to Green, as she felt forced to do based on the lack of change in harassment.

19. Plaintiff filed an administrative complaint with the Department of Fair Employment and Housing ("DFEH"). Plaintiff's DFEH complaint identifies, among other things, the "adverse action" of sexual harassment and, in its fact section, repeatedly names Defendant Stoner for sexually harassing conduct. On September 7, 2018, DFEH issued Plaintiff a right to sue letter, attached here as Exhibit A.

## FIRST CAUSE OF ACTION

**(Sexual Harassment, Hostile Work Environment – Govt. Code §12940(j))**

**(Against All Defendants)**

20. Plaintiff incorporates each allegation in paragraphs 1 through 19 above.

21. The Fair Employment and Housing Act ("FEHA") makes it unlawful for an employer to sexually harass an employee. Govt. Code §12940

22. Defendants, their agents, or employees engaged in a pattern and practice of unlawful sexual harassment in violation of FEHA. Govt. Code §12940(j).

23. The harassment was sufficiently severe or pervasive as to alter conditions of employment and to create a hostile or abusive work environment

24. As a proximate result of Defendants' wrongful conduct, Plaintiff suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount to be proved at trial.

25. As a proximate result of Defendants' wrongful conduct, Plaintiff suffered emotional distress and other general damages, in an amount to be proved at trial.

26. Defendants actions were carried out with malice, willfulness, or reckless indifference to Plaintiff's rights, with full knowledge of their unlawfulness, and intending to deprive her of rights guaranteed by law. Plaintiff is entitled to punitive damages to deter such unlawful, malicious, oppressive, or reckless conduct. Defendants' conduct was effectuated or ratified by their officers, directors, or managing agents.

27. Plaintiff has incurred and continues to incur attorneys' fees and legal expenses in an amount to be proved at trial.

## SECOND CAUSE OF ACTION

**(Retaliation – Violation of Cal. Gov't Code §12940(h))**

**(Plaintiff against Cinemark and DOES 1-10)**

28. Plaintiff incorporates each allegation in paragraphs 1 through 19 above.

29. Plaintiff engaged in the protected activities of, but not limited to, opposing sexual harassment.

30. Defendants retaliated in violation of FEHA by, but not limited to, refusing to change the schedule, demoting her, and constructively terminating Plaintiff.

31. As a proximate result of Defendants' wrongful conduct, Plaintiff suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount to be proved at trial.

32. As a proximate result of Defendants' wrongful conduct, Plaintiff suffered emotional distress and other general damages, in an amount to be proved at trial.

33. Defendants actions were carried out with malice, willfulness, or reckless indifference to Plaintiff's rights, with full knowledge of their unlawfulness, and intending to deprive her of rights guaranteed by law. Plaintiff is entitled to punitive damages to deter such unlawful, malicious, oppressive or reckless conduct. Defendants' conduct was effectuated or ratified by their officers, directors, or managing agents.

34. Plaintiff has incurred and continues to incur attorneys' fees and legal expenses in an amount to be proved at trial.

## THIRD CAUSE OF ACTION

**(Failure to Prevent Harassment and Retaliation – Govt. Code §12940(k))**

**(Plaintiff against Cinemark and DOES 1-10)**

35. Plaintiff incorporates each allegation in paragraphs 1 through 19 above.

36. On information and belief, no meaningful or adequate disciplinary action was taken against any employees who harassed or retaliated against Plaintiff.

37. In violation of Govt. Code §12940(k), Defendants, their agents, or employees, failed to take all reasonable steps necessary to investigate and prevent unlawful harassment, or retaliation from occurring, and to remedy such harassment, or retaliation.

38. As a proximate result of Defendants' wrongful conduct, Plaintiff suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount to be proved at trial.

39. As a proximate result of Defendants' wrongful conduct, Plaintiff suffered emotional distress and other general damages, in an amount to be proved at trial.

40. Defendants acted with malice, willfulness, or reckless indifference to Plaintiff's rights, with full knowledge of their unlawfulness, and intending to deprive her of rights guaranteed by law. Plaintiff suffered over eighty thousand dollars and is entitled to punitive damages to deter such unlawful, malicious, oppressive, or reckless conduct. Defendants' conduct was effectuated or ratified by their officers, directors, or managing agents.

41. Plaintiff has incurred and continues to incur attorneys' fees and legal expenses in an amount to be proved at trial.

## FOURTH CAUSE OF ACTION

### (Wrongful Termination in Violation of Public Policy)
### (Against Cinemark and DOES 1-10)

42. Plaintiff incorporates each allegation in paragraphs 1 through 19 above.

43. Defendant's severe and persistent violation of fundamental public policies constructively discharged Plaintiff's employment. It is against California public policy to allow sexual harassment of an employee and to retaliate against an employee for opposing sexual harassment.

44. As a proximate result of Defendants' wrongful conduct, Plaintiff suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount to be proved at trial.

45. As a proximate result of Defendants' wrongful conduct, Plaintiff suffered emotional distress and other general damages, in an amount to be proved at trial.

46. Defendants acted with malice, willfulness, or reckless indifference to Plaintiff's rights, with full knowledge of their unlawfulness, and intending to deprive her of rights guaranteed by law. Plaintiff is entitled to punitive damages to deter such unlawful, malicious, oppressive, or reckless conduct. Defendants' conduct was effectuated or ratified by their officers, directors, or managing agents.

47. Plaintiff has incurred and continues to incur attorneys' fees and legal expenses in an amount to be proved at trial.

## FIFTH CAUSE OF ACTION

**(Violation of Employment Without Discrimination as Civil Right - Govt. Code §12921(a); Request for Declaratory Judgment - CCP §1060)**

**(Plaintiff against Cinemark and DOES 1-10)**

48. Plaintiff incorporates each allegation in paragraphs 1 through 47 above.

49. Govt. Code §12920 sets forth California's public policy in relevant part:

[T]he public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation.

It is the purpose of this part to provide effective remedies that will eliminate these discriminatory practices. This part shall be deemed an exercise of the police power of the state for the protection of the welfare, health, and peace of the people of this state.

50. Govt. Code §12920.5 embodies the California legislature's intent:

In order to eliminate discrimination, it is necessary to provide effective remedies that will both prevent and deter unlawful employment practices and redress the adverse effects of those practices on aggrieved persons. To that end, this part shall be deemed an exercise of the Legislature's authority pursuant to Section 1 of Article XIV of the California Constitution.

51. Govt. Code §12921(a) states in pertinent part:

The opportunity to seek, obtain, and hold employment without discrimination because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or military and veteran status is hereby recognized as and declared to be a civil right.

52. An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties because Plaintiff contends Defendants' constructive terminated her because of the reasons alleged, including but not limited to, her protected activities. Plaintiff believes Defendants will allege her constructive termination was based on a non-discriminatory, legitimate reason and not because of her protected activities. The reasons given by Defendants are pretext to mask their true reasons for constructively termination – Plaintiff's engaging in protected activities.

53. Pursuant to California Code of Civil Procedure §1060, Plaintiff desires a judicial determination of her rights and duties, and those of Defendants. Plaintiff seeks a declaration that Defendants violated her rights by unlawfully forced her to resign. A judicial declaration is necessary and appropriate under the circumstances so Plaintiff, on behalf of herself and California employees, in conformity with the State's public policy, may obtain a judicial declaration of Defendants wrongdoing and to condemn such discriminatory employment policies or practices.

54. Plaintiff is entitled to declaratory relief and an award of reasonable attorney's fees and costs under §12965(b). *Harris v. City of Santa Monica*, 56 Cal. 4th 203, 241 (Cal. 2013). A judicial declaration is necessary and appropriate to make Defendants aware of their obligations to not violate the law engage in discriminatory and harassing practices.

///

55. Govt. Code §12965(b) allows an aggrieved party, such as Plaintiff, to be awarded reasonable attorneys' fees and costs. Such fees and costs expended by the aggrieved party may be awarded to redress, prevent, or deter discrimination. As a proximate result of Defendants' wrongful conduct, Plaintiff is entitled to declaratory relief, attorneys' fees and costs, including expert witness fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment as follows:

1. For an award of damages in an amount according to proof with interest;

2. For compensatory and general damages in an amount according to proof;

3. For past and future lost income and benefits;

4. For punitive damages;

5. For declaratory relief;

6. For injunctive relief;

7. For an award of reasonable attorneys' fees, costs and interest pursuant to Code of Civil Procedure §1021.5, Govt. Code §12940 *et seq.*, or all other applicable law; and

8. Remand this case to the Superior Court of California, San Bernardino County;

9. For such other relief as this Court deems just and proper.

Dated: December 7, 2018                              THE MYERS LAW GROUP, A.P.C.

By: /s/ John Tomberlin
David P. Myers
Ann Hendrix
John M. Tomberlin, Jr.
Attorneys for Plaintiff Madison Kleine