David P. Myers (SBN 206137)
Ann Hendrix (SBN 258285)
John M. Tomberlin, Jr. (SBN 310345)
**THE MYERS LAW GROUP**
9327 Fairway View Place, Suite 100
Rancho Cucamonga, CA 91730
Telephone: (909) 919-2027
Facsimile: (888) 375-2102

Attorneys for Plaintiff MADISON KLEINE

Additional Party information on next page

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| MADISON KLEINE, an individual, | Case No.: 5:18-CV-02425 DMG (SHKx) |
| Plaintiff, | **JOINT RULE 26(f) REPORT** |
| vs. | |
| CINEMARK USA, INC., a Texas corporation; CENTURY THEATRES, INC., a California corporation; NICHOLAS STONER, an individual; and DOES 1 THROUGH 10, inclusive | |
| Defendants. | Complaint Filed: September 28, 2018 |

**HUNTON ANDREWS KURTH LLP**
EMILY BURKHARDT VICENTE (State Bar No. 263990)
ebvicente@HuntonAK.com
SONYA D. GOODWIN (State Bar No. 281005)
sgoodwin@HuntonAK.com
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone: 213 • 532 • 2000
Facsimile: 213 • 532 • 2020

Attorneys for Defendants
CINEMARK USA, INC. and
CENTURY THEATRES, INC.

JOINT RULE 26(f) REPORT

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 26-1 of the Local Rules of the United States District Court, Central District of California, and the Court's Scheduling Meeting of Counsel Order (Dkt. No. 9), Plaintiff Madison Kleine ("Plaintiff") and Defendants Cinemark USA, Inc. ("Cinemark") and Century Theatres, Inc. ("Century") (together "Defendants") hereby submit their Joint Rule 26(f) Conference Report after having met and conferred on the issue contemplated in Rule 26(f), Local Rule 26-1, and the Court's Order.

## I.  STATEMENT OF THE CASE

### A.  Plaintiff's Position

Defendant Cinemark USA, Inc. and, as alleged in Plaintiff's proposed first amended complaint, proposed Defendant Nicholas Stoner subjected Plaintiff to persistent and horrifying sexual harassment at work that was severe and pervasive enough to create a hostile work environment. At the time of her harassment, Plaintiff was a teenager and Mr. Stoner was over a decade older than her. Plaintiff raised the issue of her harassment repeatedly, initially directly to Mr. Stoner and later to multiple levels of Cinemark's management. Cinemark's response appears to have been nothing more than informing Mr. Stoner that his conduct towards Plaintiff was drawing complaints from her while continuing to schedule harasser and harassee to work overlapping shifts.

After complaining for months, and having Cinemark take no action but suggesting Plaintiff take a shift that conflicted with her schedule to escape her harasser, Plaintiff was left with no reasonable alternative except to resign from her position.

Defendant Century was named as its name appeared throughout Plaintiff's workplace, including on Plaintiff's nametag. Defense Counsel has indicated that Defendant Century is not an owner of the location Plaintiff worked and is not involved in any of the employment decisions regarding that location. Plaintiff does not intend to continue prosecution of this case against Defendant Century based on

1  Defense Counsel's representations, though dismissing them with prejudice is

2  premature.

3      **B.      Defendants' Position**

4      Defendants deny Plaintiff's allegations and deny that she is entitled to any relief

5  whatsoever in this case. Cinemark took every action required under the law in

6  response to Plaintiff's complaint. When Plaintiff raised a concern about her co-

7  worker, Nicholas Stoner, Cinemark promptly conducted an investigation and

8  addressed the issue with Stoner.

9      Cinemark denies that it retaliated against Plaintiff, as no adverse employment

10  action was taken against Plaintiff; she voluntarily resigned from her employment.

11      Century is not, and has never been, Plaintiff's employer and therefore, cannot

12  be liable on any claim alleged by Plaintiff. Century is fraudulently joined and should

13  be dismissed from this action.

14  **II.    STATEMENT OF LEGAL ISSUES**

15      **A.      Plaintiff's Position**

16      Did the ongoing harassment of Plaintiff, a teenager, by Nicholas Stoner, a

17  Cinemark USA employee that was over a decade her senior, consisting of <u>unwanted</u>

18  sexual comments, attempts at inappropriate touching, and shadowing Plaintiff even

19  when she went outside to her vehicle on a break, rise to the level of creating a hostile

20  work environment. Further, did Plaintiff's complaints about Mr. Stoner's conduct to

21  multiple levels of Cinemark management qualify as protected conduct, and – having

22  qualified as such – did Cinemark's lack of action fail to prevent the ongoing

23  harassment. Similarly, did Cinemark's attempt to move Plaintiff to a less desirable

24  shift, rather than inconveniencing Mr. Stoner or the scheduling manager, to stop the

25  harassment qualify as harassment. And lastly, did Cinemark USA's requiring Plaintiff

26  to endure this harassment resulting in Plaintiff having reasonable alternative except to

27  resign constitute Wrongful Termination in Violation of Public Policy.

28

### B.   Defendants' Position

(1) whether Plaintiff was harassed or otherwise subjected to a hostile work environment based on her sex;

(2) whether Defendants retaliated against Plaintiff for exercising rights guaranteed under the Fair Employment and Housing Act;

(3) whether Defendants failed to prevent harassment and/or retaliation;

(4) whether Defendants wrongfully terminated Plaintiff in violation of Public Policy;

(5) whether Plaintiff was constructively discharged;

(6) whether Defendants intentionally created or knowingly permitted working conditions that were so intolerable a reasonable person would have had no reasonable alternative except to resign;

(7) the amount of damages, if any, to which Plaintiff is entitled;

(8) whether, and to what extent, Plaintiff made a good faith attempt to mitigate her damages, if any.

## III.   AMENDMENT OF PLEADINGS

### A.   Plaintiff's Position

Plaintiff believes the Federal Rules of Civil Procedure favor allowing liberal leave to amend, as presented more fully in Plaintiff's Motion for Leave to Amend filed previously. See Dkt. No. 16. Plaintiff seeks to amend her complaint to include Nicholas Stoner in her first cause of action for sexual harassment as California's Fair Employment and Housing Act specifically authorizes this cause of action to be brought against a harassing co-worker in this situation. The cause of action against Mr. Stoner arises out of a common-nucleus-of-operative-facts as those alleged in Plaintiff's original complaint and her administrative filings.

### B.   Defendants' Position

Plaintiff has filed a motion for leave to file a first amended complaint in which she seeks to add individual defendant, Nicholas Stoner, for the sole purpose of destroying diversity jurisdiction. Defendants intend to oppose Plaintiff's motion on

the basis that, under 28 U.S.C. § 1447(e), Plaintiff's motion should be denied. Joinder of diversity-destroying defendant, Nicholas Stoner, is improper and not necessary.

## IV.   ADDITIONAL PARTIES TO BE ADDED

### A.   Plaintiff's Position

Plaintiff seeks to add Nicholas Stoner as a Defendant and include him in the first cause of action for sexual harassment.

### B.   Defendants' Position

Plaintiff has filed a motion for leave to file a first amended complaint in which she seeks to add individual defendant, Nicholas Stoner, for the sole purpose of destroying diversity jurisdiction. Defendants intend to oppose Plaintiff's motion on the basis that, under 28 U.S.C. § 1447(e), Plaintiff's motion should be denied. Joinder of diversity-destroying defendant, Nicholas Stoner, is improper and not necessary.

## V.   DISCOVERY PLAN

### A.   Initial Disclosures

The Parties agreed to exchange initial disclosures on or before February 1, 2019.

### B.   Proposed Schedule of Discovery

The parties propose the following dates and deadlines:

| Event | Proposed Date or Deadline |
|---|---|
| Parties exchange Initial Disclosures | February 1, 2019 |
| Non-expert discovery cut-off | August 26, 2019 |
| Exchange of initial expert disclosures and reports | September 30, 2019 |
| Exchange of rebuttal expert disclosures and reports | October 25, 2019 |
| Expert discovery cut-off | November 15, 2019 |

4

### C.     Subjects of Discovery

The Parties anticipate conducting discovery on the Parties' claims and defenses.

### D.     Conducting Discovery in Phases

The Parties agree that non-expert discovery should proceed before expert discovery. The parties further agree that the expert discovery cut-off should be set no earlier than a week after the deadline to conduct private mediation.

### E.     Electronically Stored Information

The Parties have discussed electronically stored information. At this stage, the Parties do not believe that the discovery of electronically stored information will be a significant issue in this case. The Parties represent that they have placed a litigation hold on reasonably accessible and relevant electronically stored information pertaining to this litigation.

### F.     Protective Order

Defendant anticipates a protective order will be necessary in this case. The Parties will meet and confer regarding a stipulation for Entry of a [Proposed] Protective Order.

### G.     Changes or Limitations on Discovery

The Parties do not propose any changes or limitations on the discovery imposed under the federal or local rules. However, the Parties reserve the right to make additional requests or changes as may become necessary during the pendency of this litigation.

## VI.     ISSUES TO BE RESOLVED BY MOTION

### A.     Motion to Drop Fraudulently Joined Defendant Century

Defendants filed a motion to drop fraudulently joined Defendant Century. Plaintiff does not oppose this motion. The hearing is set for February 1, 2019.

///

///

**B.      Motion for Leave to File First Amended Complaint and Motion to Remand**

Plaintiff has filed both a motion for leave to file a first amended complaint to add individual defendant, Nicholas Stoner, and motion to remand the case. Both motions are set for hearing on February 1, 2019. Defendants' oppositions are due January 11, 2019 and Plaintiff's replies are due January 18, 2019.

**C.      Motion for Summary Judgment**

Defendant(s) contemplate bringing a motion for summary judgment or a motion for partial summary judgment. The Parties propose that Plaintiff be afforded 21 days to oppose any motion for summary judgment or partial summary judgment, and Defendants be afforded 14 days to reply to any opposition. The parties propose the following briefing schedule for all dispositive or partially-dispositive motions:

| Event | Proposed Date or Deadline |
|---|---|
| Dispositive Motion Deadline | September 4, 2019 |
| Opposition Due | September 25, 2019 |
| Reply Due | October 9, 2019 |

**VII.   SETTLEMENT AND ADR**

The Parties have not yet engaged in settlement discussions. The Parties have selected private mediation and agree that a completion date of July 16, 2019 is appropriate. The parties anticipate that Defendant will take Plaintiff's deposition, and Plaintiff will take the deposition of Defendants' 30(b)(6) witness, Nicholas Stoner, and Defendant Cinemark's local management employees yet to be determined prior to conducting mediation.

**VIII.  TRIAL ESTIMATE**

**A.      Plaintiff's Position**

Plaintiff estimates that the trial of this matter will take between 12 and 15 court days.

**B.    Defendants' Position**

Defendant(s) estimate the trial will last approximately 3-5 days.

**IX.    ORDER OF PROOF**

Defendant(s) will seek to bifurcate punitive damages. At this time, the Parties do not anticipate requesting any other severance or bifurcation of issues.

**X.    TRIAL TYPE**

Plaintiff has demanded a trial by jury.


DATED: January 3, 2019                    **HUNTON ANDREWS KURTH LLP**


                                          By: */s/* Emily Burkhardt Vicente
                                                Emily Burkhardt Vicente
                                                Sonya Goodwin
                                                Attorneys for Defendants
                                                CINEMARK USA, INC. and
                                                CENTURY THEATRES, INC.



                                          **THE MYERS LAW GROUP**

DATED:  January 3, 2019

                                          By: /s/ John Tomberlin
                                                David P. Myers
                                                Ann Hendrix
                                                John M. Tomberlin, Jr.
                                                Attorneys for Madison Kleine


**Pursuant to Local Rule 5-4.3.4(a)(2), I, Emily Burkhardt Vicente, hereby confirm that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.**


                                          By: */s/* Emily Burkhardt Vicente
                                                Emily Burkhardt Vicente

7

# EXHIBIT A

## SCHEDULE OF PRETRIAL & TRIAL DATES WORKSHEET

Case No.: <u>5:18-CV-02425</u>   Case Name: <u>*Madison Kleine v. Cinemark USA, Inc. et al.*</u>

| MATTER | JOINT REQUESTED DATE or PLNTF/DEFT REQUESTED DATE | TIME |
|---|---|---|
| **TRIAL** [ ] Court [x] Jury<br>Duration Estimate: Plaintiff estimates 12-15 days; Defendant estimates 3-5 days | January 21, 2020 | 8:30 a.m. |
| **FINAL PRETRIAL CONFERENCE ("FPTC")**<br>4 wks before trial | December 20, 2019 | 2:00 p.m. |

| MATTER | TIME COMPUTATION | JOINT REQUESTED DATE or PLNTF/DEFT REQUESTED DATE |
|---|---|---|
| Amended Pleadings and Addition of Parties Cut-Off (includes hearing of motions to amend) | 90 days after scheduling conf | June 4, 2019 |
| Non−Expert Discovery Cut-Off (includes hearing of discovery motions) | at least 14 wks before FPTC | August 26, 2019 |
| Motion Cut-Off (filing deadline) | at least 13 wks before FPTC | September 4, 2019 |
| Initial Expert Disclosure & Report Deadline | at least 9 wks before FPTC | September 30, 2019 |
| Rebuttal Expert Disclosure & Report Deadline | at least 5 wks before FPTC | October 25, 2019 |
| Expert Discovery Cut-Off (includes hearing of discovery motions) | at least 3 wks before FPTC | November 15, 2019 |
| Settlement Conference Completion Date | at least 4 wks before FPTC | November 22, 2019 |
| Motions in Limine Filing Deadline | at least 3 wks before FPTC | November 29, 2019 |
| Opposition to Motion in Limine Filing Deadline | at least 2 wks before FPTC | December 6, 2019 |
| Other Dates: | at least 90 days after complaint served (unless longer time justified) | |
| Deadline to Mediate | | July 16, 2019 |