**HUNTON ANDREWS KURTH LLP**
EMILY BURKHARDT VICENTE (State Bar No. 263990)
ebvicente@HuntonAK.com
SONYA D. GOODWIN (State Bar No. 281005)
sgoodwin@HuntonAK.com
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone:  213 • 532 • 2000
Facsimile:  213 • 532 • 2020

Attorneys for Defendants
CINEMARK USA, INC. and
CENTURY THEATRES, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| MADISON KLEINE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CINEMARK USA, INC., a Texas corporation; CENTURY THEATRES, INC., a California corporation; and DOES 1 THROUGH 10, inclusive<br><br>Defendants. | Case No.:  5:18-CV-02425 DMG (SHKx)<br><br>**DEFENDANTS CINEMARK USA, INC. AND CENTURY THEATRES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND REMOVED ACTION**<br><br>Complaint Filed:  September 28, 2018<br><br>Hearing Date:  February 1, 2019<br>Hearing Time:  9:30 a.m.<br>Courtroom:  8C |

# **TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................1

II. STATEMENT OF FACTS ....................................................................................2

III. THIS COURT SHOULD DENY PLAINTIFF'S MOTION to remand. .............3

   A. Legal Standard ..............................................................................................3

   B. The Multi-Factor Test Requires This Court To Deny Plaintiff's Attempt To Destroy Diversity.....................................................................4

      1. Just Adjudication Of The Dispute Does Not Require Joinder Of The Individual Defendant....................................................4

      2. Plaintiff's Claims Against The Individual Defendant Are Not Impacted By The Statute Of Limitations..................................6

      3. Plaintiff Cannot Establish That She Acted Diligently In Avoiding Undue Delay ...........................................................6

      4. The Joinder Of The Individual Defendant In The First Amended Complaint Is An Obvious Attempt To Defeat Diversity Jurisdiction...............................................................9

      5. Plaintiff's Claim Against The Individual Defendant Is Weak ......10

      6. Plaintiff Would Not Be Prejudiced If She Is Not Permitted To File The First Amended Complaint..........................................11

   C. Plaintiff's Has No Basis To Seek Remand ...............................................11

IV. CONCLUSION ...............................................................................................122

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

i

DEFENDANTS CINEMARK USA, INC. AND CENTURY THEATRES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Calderon v. Lowe's Home Centers, LLC*,
  2015 WL 3889289 (C.D. Cal. June 24, 2015) ............................................... 4, 5, 6, 7

*Christopher v. The Neiman Marcus Grp., LLC*,
  2017 WL 374903 (C.D. Cal. Jan. 26, 2017) ........................................................ 4, 12

*Clinco v. Roberts*,
  41 F. Supp. 2d 1080 (C.D. Cal. 1999) ............................................................ 3, 4, 5, 6

*Davoodi v. Affiliated Computer Servs., Inc.*, 2016 WL 94239, at *3 (C.D.
  Cal. Jan. 7, 2016) .................................................................................................... 10

*IBC Aviation Services, Inc. v. Compania Mexicana De Aviacion, S.A. De
  C.B.*,
  125 F. Supp. 2d 1008 (N.D. Cal. 2000) ........................................................ 3, 5, 10

*King v. Soexo, Inc.*,
  2016 WL 4161095 (C.D. Cal. Aug. 5, 2016) ................................................. *passim*

*Lara v. Bandit Indus., Inc.*,
  2013 WL 1155523 (E.D. Cal. Mar. 19, 2013) ........................................................ 10

*Lopez v. Gen. Motors Corp.*,
  697 F.2d 1328 (9th Cir. 1983) .................................................................................. 5

*Maldonado v. City of Oakland*,
  2022 WL 826801 (N.D. Cal. Apr. 29, 2002) ............................................................ 8

*McCoy v. Pac. Mar. Assn.*,
  216 Cal. App. 4th 283 (2013) ................................................................................... 5

*Stout v. Int'l Bus. Machines Corp.*,
  2016 WL 4528958 (C.D. Cal. Aug. 30, 2016) ....................................................... 10

*Trotman v. United Parcel Serv.*,
  1996 WL 428333 (N.D. Cal. July 16, 1996) .......................................................... 10

**Statutes**

28 U.S.C. § 1447(e) ................................................................................... 1, 3, 4, 11

Gov't Code § 12965(d)(C)(2) ......................................................................................... 6

**Hunton Andrews Kurth LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

ii

DEFENDANTS CINEMARK USA, INC. AND CENTURY THEATRES, INC.'S OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Madison Kleine's ("Plaintiff") Motion To Remand Removed Action ("Motion to Remand") – and proposed First Amended Complaint ("FAC") filed concurrently therewith – is a transparent attempt to avoid federal jurisdiction by adding an individual defendant, Nicholas Stoner (the "Individual Defendant") to destroy diversity. Plaintiff's intent to forum shop is clear given that she seeks to add an individual defendant that she was aware of long before she filed her complaint in state court but chose not to sue until she felt the need to try to divest this Court of jurisdiction. Under 28 U.S.C. § 1447(e), which governs the analysis, Plaintiff's attempt to destroy diversity does not survive the multi-factor test applied by the courts.

As discussed in detail below, the factors weigh heavily in favor of denying Plaintiff's addition of the Individual Defendant and denying her Motion to Remand:

1. Plaintiff will not be denied just adjudication because nothing precludes her from bringing a claim against the Individual Defendant in state court. Additionally, there is no danger of inconsistent obligations because the standard of proof in her sex harassment claims against Cinemark and the Individual Defendant are different.

2. The statute of limitations does not place Plaintiff in any different position to add the Individual Defendant in this action versus bringing a separate action in state court.

3. Plaintiff knew of the Individual Defendant long before she filed her Complaint and did not act diligently to avoid undue delay in naming him as a defendant.

4. The lack of change in circumstances aside from the removal of the instant action demonstrates a clear ulterior motive to avoid diversity jurisdiction

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1
DEFENDANTS CINEMARK USA, INC. AND CENTURY THEATRES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT

by adding the Individual Defendant.

5. Plaintiff's allegations against the Individual Defendant are wholly duplicative of the allegations against Cinemark, rendering her claim against the Individual Defendant weak.

6. Plaintiff will not suffer any prejudice if this Court does not permit joinder of the Individual Defendant because her actions demonstrate that she had no intention of litigating her claims against the Individual Defendant until she was forced to do so to avoid the jurisdiction of this Court.

Because the factors weigh in favor of denying Plaintiff's addition of the Individual Defendant, and Plaintiff has no other basis to remand this Action Defendants respectfully request that this Court deny Plaintiff's Motion to Remand. Plaintiff should not be allowed to circumvent federal jurisdiction.

## II. STATEMENT OF FACTS

Plaintiff filed the instant action on September 28, 2018 against her former employer Cinemark USA, Inc. ("Cinemark") and fraudulently joined defendant Century Theatres, Inc. ("Century") (together, "Defendants") in San Bernardino County Superior Court alleging various causes of action arising from her employment with Cinemark (hereinafter referred to as the "Action"). *See* Notice of Removal, Exhibit A, ECF No. 1. On November 15, 2018, Cinemark timely filed a Notice of Removal in the United States District Court for the Central District of California on the basis of diversity jurisdiction between the proper parties, Cinemark and Plaintiff. *See* Notice of Removal. Defendants filed a Motion To Drop Fraudulently Joined Defendant Century Theatres, Inc. under Federal Rules of Civil Procedure Rule 21 on December 3, 2018.[1] *See* ECF No. 10.

---

[1] Plaintiff agrees that Century was not Plaintiff's employer and that Century should be dropped as a defendant. *See* Mot. For Leave To File A First Am. Compl. at 4, ECF No. 16; Mot. to Remand at 2, ECF No. 17.
2

After Plaintiff's attempt to prevent diversity jurisdiction by naming Century as a defendant in this Action was thwarted, Plaintiff's counsel indicated that he intended to file an amended complaint to add the Individual Defendant and seek remand of the Action to state court. *See* Decl. of Sonya Goodwin In Support Of Mot. To Drop Fraudulently Joined Def. Century Theatres, Inc. Under Fed. R. Civ. P. 21 ("Goodwin Decl."), Exh. A, ECF No. 10-1. The amended complaint does not add any additional substantive facts, but merely adds the Individual Defendant to the already existing claim for sexual harassment.

As Plaintiff freely admits, she has had knowledge of the identity and possible claim against the Individual Defendant long before she filed the Action, "repeatedly [naming him] as her harasser" in her administrative complaint to the Department of Fair Employment and Housing ("DFEH"). *See* Mot. For Leave To File A First Am. Compl. at 4, ECF No. 16 ("Mot. for Leave to Amend"); Compl., Exh. A. In addition, Plaintiff repeatedly identifies the Individual Defendant as her alleged harasser throughout her original Complaint, but, yet again, chose not to name him as a defendant. Compl. ¶¶ 10-17. Because this Court should deny Plaintiff's Motion for Leave to Amend her Complaint, the Court should also deny Plaintiff's Motion for Remand.

## III. THIS COURT SHOULD DENY PLAINTIFF'S MOTION TO REMAND.

### A. Legal Standard

Plaintiff's Motion for Leave to Amend relies entirely on the argument that Federal Rules of Civil Procedure Rule 15 provides for amendments to be "freely granted." *See* Mot. For Leave to Amend at 5. But this is not the appropriate standard to apply. Where an amendment would destroy diversity, it is settled law within the Ninth Circuit, including the Central District, that 28 U.S.C. § 1447(e) is the proper standard for deciding whether to allow post-removal joinder of a diversity-destroying defendant. *Clinco v. Roberts*, 41 F. Supp. 2d 1080, n.4 (C.D. Cal. 1999) (analyzing whether to allow an amendment to a complaint adding nondiverse party after removal

3

under 28 U.S.C. § 1447(e)); *see also IBC Aviation Services, Inc. v. Compania Mexicana De Aviacion, S.A. De C.B.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) (recognizing that diversity destroying amendments are analyzed under § 1447(e) and require higher scrutiny than amendments generally).

In this context, "[Section] 1447(e) gives the court discretion to consider the propriety and fairness of allowing that amendment" under a multi-factor test. *Clinco*, 41 F. Supp. 2d at 1082; *see also Calderon v. Lowe's Home Centers, LLC*, 2015 WL 3889289, at *3 (C.D. Cal. June 24, 2015). In determining whether to exercise discretion in granting or denying leave to amend under Section 1447(e), courts consider the following six factors:

> (1) whether the party sought to be joined [i]s needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a);
> (2) whether the statute of limitations would preclude an original action against the new defendants in state court;
> (3) whether there has been unexplained delay in requesting joinder;
> (4) whether joinder is intended solely to defeat federal jurisdiction;
> (5) whether the claims against the new defendant appear valid; and
> (6) whether denial of joinder will prejudice the plaintiff.

*King v. Soexo, Inc.*, 2016 WL 4161095, at *2 (C.D. Cal. Aug. 5, 2016); *Clinco*, 41 F. Supp. 2d at 1082.

Applying these factors to the instant case makes clear that this Court should not allow Plaintiff to amend her complaint in a thinly-veiled effort to divest this Court of jurisdiction, and Plaintiff's Motion to Remand should therefore be denied.

**B.  The Multi-Factor Test Requires This Court To Deny Plaintiff's Attempt To Destroy Diversity.**

**1.  Just Adjudication Of The Dispute Does Not Require Joinder Of The Individual Defendant.**

"Federal Rule of Civil Procedure 19 requires joinder of persons whose absence would preclude the grant of complete relief, or whose absence would impede their ability to protect their interests or would subject any of the parties to the danger of

inconsistent obligations." *Clinco*, 41 F. Supp. 2d at 1082. This is not the case here. First, denying joinder would not preclude the grant of complete relief because nothing prevents Plaintiff from bringing an action against the Individual Defendant for sex harassment in state court. *See Clinco*, 41 F. Supp. 2d at 1082 (finding that, although the plaintiff may have claims against the individual defendant, "there is no indication that forcing [plaintiff] to sue [the individual defendant] in state court would prevent [plaintiff] from receiving just adjudication of his claim against [defendant] in federal court.")

Second, there is no danger of inconsistent obligations. Plaintiff's standard of proof for Cinemark, as the employer, and the Individual Defendant, as the employee, are different. *See McCoy v. Pac. Mar. Assn.*, 216 Cal. App. 4th 283, 293 (2013) (to prevail on FEHA sexual harassment claim against employee, a plaintiff "must demonstrate that the conduct complained of was severe enough or sufficiently pervasive to alter the conditions of employment and create a work environment that qualifies as hostile or abusive to employees because of their sex," and to prevail on the same claim against employer, "it must be shown that [the employer] knew, or should have known, of the alleged harassment and failed to take appropriate action."). Thus, it is of no consequence if all of the defendants are in federal court, or one is in state court – either way, the jury will have to determine separately whether Cinemark and the Individual Defendant are liable for sex harassment.

Even if this Court were to find that the Individual Defendant is a necessary party under Rule 19, "joinder of a person is not required, however, if it would destroy subject matter jurisdiction under Rule 19(a). *Calderon*, 2015 WL 3889289, at *3 (citing *Lopez v. Gen. Motors Corp.*, 697 F.2d 1328, 1332 (9th Cir. 1983) ("Rule 19(a), F.R.Civ.P. provides, in pertinent part: 'A person who is subject to service of process *and whose joinder will not deprive the court of jurisdiction over the subject matter of the action* shall be joined as a party'"); *IBC Aviation Servs.*, 125 F. Supp. 2d

5

DEFENDANTS CINEMARK USA, INC. AND CENTURY THEATRES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT

at 1012 (N.D. Cal. 2000)). Where, as is the case here, the other factors weigh against granting leave to amend, the Court should exercise its discretion to deny joinder. *Id.*

### 2. Plaintiff's Claims Against The Individual Defendant Are Not Impacted By The Statute Of Limitations.

Whether Plaintiff's claims against the Individual Defendant are within the statute of limitations period, is the same whether she brings the claims in this case or she brings them in state court, weighing against granting leave to amend. *See Clinco*, 41 F. Supp. 2d at 1083 (finding claim that was within the statute of limitations period weighed against amendment). Plaintiff has one year from the date of her right-to-sue notice from the DFEH to file a claim. Gov't Code § 12965(d)(C)(2). The right-to-sue notice was issued on September 7, 2018, therefore, assuming Plaintiff properly exhausted her administrative remedies, the statute of limitations period has not expired. Compl., Exh. A. Likewise, if Plaintiff did not properly exhaust her administrative remedies, her claim against the Individual Defendant is time-barred, since she resigned on October 5, 2017. Thus, this factor weighs in favor of denying joinder.

### 3. Plaintiff Cannot Establish That She Acted Diligently In Avoiding Undue Delay.

The third factor weighs heavily against granting Plaintiff leave to amend her complaint. The Court has "discretion to deny joinder of a party whose identity was ascertainable and thus could have been named in the first complaint." *Calderon*, 2015 WL 3889289, at *5; *King*, 2016 WL 4161095, at *3. Where, as here, a plaintiff knew of the existence of the individual or could have propounded discovery a mere ten days after service of the initial complaint, or before removal to identify the individual, the amendment is untimely. *Calderon*, 2015 WL 3889289, at *5.

*King* is directly on point. 2016 WL 4161095, at *3. In *King*, the plaintiff moved to amend her complaint to include non-diverse individual defendants one

month after removal of the action to federal court. *Id.* at *1. The court found the plaintiff had unreasonably delayed in naming the individual defendants because she had "longstanding knowledge of the facts giving rise to the proposed amendments," "was aware of the potential claims against [the individual defendants] since his termination," and even "named both individuals in the operative complaint." *Id.* at *3.

*Calderon* also provides significant guidance. 2015 WL 3889289, at *5  In *Calderon*, the plaintiff amended her complaint to include a non-diverse Doe defendant after the action was removed to federal court. *Id.* at *1. The court determined the plaintiff's amendment was untimely because she had the opportunity to serve discovery just ten days after service of the complaint but did not do so. *Id.* at *5. Instead the plaintiff "never attempted to identify or charge a doe defendant until she found that the case was removed to a disfavored venue." *Id.* Such actions rendered any amendment "too late." *Id.*

In the present case, as was the case in *King*, Plaintiff was aware of the identity of the Individual Defendant as early as August and September 2017, when the alleged incidents occurred. Plaintiff also named the Individual Defendant repeatedly in the body of her complaint filed with the DFEH on September 7, 2018. Compl., Exh. A. Further, just as in *King*, she named the Individual Defendant repeatedly in the body of her Complaint filed in state court on September 28, 2018. *See, e.g.,* Compl. ¶¶ 10-17. Plaintiff originally filed her Complaint in state court on September 28, 2018 and waited approximately three months until December 14, 2018 – or *77 days* – after the original filing to add the Individual Defendant in the instant action, doing so only after she ended up in a court she did not want to be in.

Plaintiff claims she was unable to name the Individual Defendant in her original Complaint because she was unaware of his address. Mot. to Remand at 12. First, not knowing the individual's address would not have precluded Plaintiff from naming him in the Complaint. Further, just as in Calderon, Plaintiff had the opportunity to

7

ascertain the address of the Individual Defendant before Cinemark removed this case to Federal Court by serving discovery (or using the publicly available search she ultimately used), but did not do so. There is nothing to indicate that Plaintiff attempted to locate the Individual Defendant before she filed her original Complaint. In fact, it appears that Plaintiff did not attempt to locate him until November 29, 2018, two weeks after Cinemark removed the Action. *Id.* Further, despite having the opportunity to propound discovery to ascertain the location of the Individual Defendant a mere ten days after service of the Complaint on October 17, 2018, Plaintiff did not do so.[2] Such failure constitutes unreasonable delay. *King*, 2016 WL 4161095, at *3.

Most importantly, Plaintiff's Motion provides no justification, let alone reasonable justification, for why she unreasonably delayed in naming the Individual Defendant when she knew of his existence and involvement since before she commenced litigation. *See King*, 2016 WL 4161095, at *3 (finding no reasonable justification in failing to name individual defendants that the plaintiff was aware of at the time of his termination and at the time he filed the original complaint); *Maldonado v. City of Oakland*, 2022 WL 826801, at *6 (N.D. Cal. Apr. 29, 2002) (denying the plaintiff's motion for leave to amend to add individual defendants, observing that the plaintiff knew of the identity of the proposed defendants at least eight months prior to the complaint and plaintiff could not "adequately explain the undue delay in finally naming them now."). Although Plaintiff claims the delay was due to her lack of knowledge of the Individual Defendant's location, Plaintiff cannot explain why she delayed locating the Individual Defendant until *after* Cinemark removed the Action. Nor has she argued that the LexisNexis Comprehensive Person search feature was

---

[2] Plaintiff repeatedly states in her Motion to Remand that "Plaintiff attempted to conduct discovery prior to adding Mr. Stoner," Mot. to Remand at 6. This is untrue, as Plaintiff has not propounded discovery, and seemingly did not even run a search for the Individual Defendant until two weeks after Cinemark removed this Action even though the search engine was available at the time she filed the original Complaint.

8

DEFENDANTS CINEMARK USA, INC. AND CENTURY THEATRES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT

unavailable to her in the months prior to Cinemark's removal of the Action. *See* Mot. to Remand at 12. Plaintiff has not and cannot point to any reasonable justification for her delay in naming the Individual Defendant. Thus, this factor weighs in favor of denying joinder.

### 4. The Joinder Of The Individual Defendant In The First Amended Complaint Is An Obvious Attempt To Defeat Diversity Jurisdiction.

Further, Plaintiff's amendment is a calculated attempt to deprive the Court of subject matter jurisdiction by adding a non-diverse party to the Action. Plaintiff knew of the Individual Defendant long before she filed her Action in state court. Plaintiff admittedly identified the Individual Defendant in her DFEH Charge multiple times, yet chose not to name him as a defendant. Compl., Exh. A. Plaintiff repeatedly identified the Individual Defendant in her state court Complaint, yet again, chose not to name him as a defendant. Compl. ¶¶ 10-17. Plaintiff clearly had no intention of naming the Individual Defendant as a defendant in her original Complaint because she believed the fraudulently joined defendant, Century, was sufficient to defeat diversity jurisdiction. It was not until Cinemark and Century removed this action because Century had been fraudulently joined and Defendants filed their motion to drop Century as a fraudulently joined defendant that Plaintiff even contemplated adding the Individual Defendant. *See* Goodwin Decl., Exh. A.

Plaintiff has not, and cannot, explain why she did not name the Individual Defendant in her original state court Complaint, nor can she identify any changed circumstances beyond the Action being removed as a basis for the amendment. The fact that Plaintiff attempts to join the Individual Defendant immediately after Cinemark removed, and *nothing else has changed*, suggests an ulterior motive for the joinder. *Davoodi v. Affiliated Computer Servs., Inc.*, 2016 WL 94239, at *3 (C.D. Cal. Jan. 7, 2016); *King*, 2016 WL 4161095, at *3 ("Plaintiff has been aware of the

potential claims against [the individual defendants] since his termination in August 2015.  The fact that Plaintiff requested to join diversity-destroying defendants to the complaint immediately after removal and without any substantial change in circumstance suggests an ulterior motive for their joinder.").

Plaintiff attempts to claim the circumstances have changed because she became aware of the Individual Defendant's address.  Mot. to Remand at 12.  However, Plaintiff delayed in finding his address until *right after* Cinemark removed the Action.  Plus, not having the Individual Defendant's address did not preclude Plaintiff from naming him in the Complaint and using discovery or a publicly available search to find his address.  There is no explanation beyond an ulterior motive for Plaintiff to have delayed in using a search tool that was available to her in the months leading up to the removal.  As further proof of this ulterior motive, Plaintiff's FAC now specifically prays for relief of a "[r]emand [of] this case to the Superior Court of California, San Bernardino County."  Exh. A to Decl. of John Tomberlin in Support of Pl.'s Mot. for Leave to File a First Am. Compl. at Prayer ¶ 8, ECF No. 16-2.  It is clear that Plaintiff's sole motivation behind adding the Individual Defendant is to deprive this Court of subject matter jurisdiction. Thus, this factor weighs in favor of denying joinder.[3]

### 5. Plaintiff's Claim Against The Individual Defendant Is Weak.

Although Plaintiff's claim against the Individual Defendant is not deficient on its face, the claim is weak.  The allegations against the Individual Defendant in the FAC are duplicative of those allegations against Cinemark.  The duplicative nature of

---

[3] Plaintiff cites to a number of cases to argue her motive was proper. *See IBC Aviation Servs.*, 125 F. Supp. 2d at 1012; *Lara v. Bandit Indus., Inc.*, 2013 WL 1155523, at *3 (E.D. Cal. Mar. 19, 2013); *Stout v. Int'l Bus. Machines Corp.*, 2016 WL 4528958 (C.D. Cal. Aug. 30, 2016); *Trotman v. United Parcel Serv.*, 1996 WL 428333, at *1 (N.D. Cal. July 16, 1996). These cases are unpersuasive. They simply state that a diversity-destroying amendment alone, without more, does not impute improper motive. However, Plaintiff's actions here, beyond the act of amending the complaint, demonstrate improper motive.

the allegations renders the claims against the Individual Defendant weak at best, rendering this factor neutral. *See King*, 2016 WL 4161095, at *4.

### 6. Plaintiff Would Not Be Prejudiced If She Is Not Permitted To File The First Amended Complaint.

Plaintiff will not be prejudiced if she is not permitted to file the FAC because Plaintiff had no intention of litigating her claims against the Individual Defendant until she was forced to do so to avoid the jurisdiction of this Court. Rather, Plaintiff's FAC is motivated by a desire to deprive this Court of subject matter jurisdiction. Had Plaintiff truly wanted to assert such claims against the Individual Defendant, she could have done so when she filed the original Complaint. Rather, Plaintiff has waited until it became apparent that this Court would have subject matter jurisdiction over this Action when Defendants filed a motion to drop fraudulently joined Defendant Century. Such a motivation is not sufficient to prejudice Plaintiff and this factor weighs in favor of denying joinder.

In the event Plaintiff does wish to pursue a state court action against the Individual Defendant, the possibility she would litigate two cases in two different venues "does not require joinder," and is not to be considered prejudicial. *Christopher v. The Neiman Marcus Grp., LLC*, 2017 WL 374903, at *4 (C.D. Cal. Jan. 26, 2017). "Indeed, this concern is always present in deciding whether or not to allow the addition of a diversity-destroying defendant, yet § 1447(e) nevertheless gives the Court discretion to deny joinder in these circumstances." *Id.* Accordingly, Plaintiff will not be prejudiced should the Court deny Plaintiff's transparent attempt to destroy jurisdiction.

### C. Plaintiff's Has No Basis To Seek Remand.

Because the multi-factor test weighs heavily in favor of denying the joinder of the Individual Defendant and Plaintiff's Motion for Leave to Amend should be

denied, diversity jurisdiction exists between the parties and Plaintiff has no basis to seek remand.

## IV.  CONCLUSION

For each of the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion To Remand Removed Action.

DATED: January 11, 2019           **HUNTON ANDREWS KURTH LLP**

By: */s/ Emily Burkhardt Vicente*
    Emily Burkhardt Vicente
    Sonya Goodwin
    Attorneys for Defendants
    CINEMARK USA, INC. and
    CENTURY THEATRES, INC.

12

DEFENDANTS CINEMARK USA, INC. AND CENTURY THEATRES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT